**268** *JOHN THOMAS v. JACOB STERNHEIMER
and Louis Sternheimer, Trading as Sternheimer & Bro.

*Decided June 25th, 1868.*

TROVER ; MEASURE OF DAMAGES ; INTEREST. AGENTS ; DECLARATIONS OF. PRAYERS ; OMITTING MATERIAL FACTS.

The declarations of an agent, as part of the *res gestæ*, may be given in evidence, against the principal. (*a*)                                          p. 271

Military possession was taken by the Government of the United States, of the stables of A., and by the authority and direction of an officer in charge, B. was taken into the service of the Government and sent to Baltimore County to take possession of and bring to the City of Baltimore, for the use of the Government of the United States, the horses of A. In pursuance of this direction, B. proceeded to the place indicated, took possession of the horses of A., as also some horses of C., and brought and delivered them to the military authorities, then having charge of the stables of A. The horses of C. were inspected by Government officers, and passed over to the Government for its service. An action of *trover* was brought by C., to recover the value of his horses so taken from A. *Held:*

That if the horses of C. were passed to the Government of the United States, in the name of, and as the horses of A., and he was credited with the same, with his knowledge and consent, then C. is entitled to recover.

And the measure of damages should be the value of the horses, according to the standard of price as established by the Government,

---

(*a*)  Cited in *Rowland v. Long*, 45 Md. 444.

with interest thereon, from the time they were passed to the United States, to the time of rendering the verdict. (*b*)      pp. 272-273

A prayer which omits material facts, of which there is some evidence, is properly rejected. (*c*)      p. 272

Appeal from the Superior Court of Baltimore City.

This was an action of *trover*, brought by the appellees for the conversion of four horses by the appellant.

First Exception.—This arose as to the admissibility of certain evidence, and is sufficiently set forth in the opinion of the court.

*Second Exception.—The evidence on both sides hav- **269** ing been closed, the defendant asked of the court to instruct the jury as follows :

1. That there is no sufficient evidence of conversion in this cause to entitle the plaintiff to recover.

2. That there has been no sufficient evidence in law to sustain the issue on the part of the plaintiff, and, therefore, they must find for the defendant.

3. If the jury shall find from the evidence, that on the afternoon of the 9th of July, 1864, military possession was taken, by the Government of the United States, of the stables of the defendant, and that by the authority and direction of an officer of the United States Government in charge of said stables at the

---

(*b*) Cited in *Hopper v. Haines*, 71 Md. 76; *Heinekamp v. Beaty*, 74 Md. 393.

(*c*) Prayers that do not include all the facts in the case, and that conclude to the right of the plaintiff to recover, exclude from consideration all other facts that might or could change or modify the conclusion to be drawn from all the facts of the case. Prayers so concluding should embrace all the facts in proof, as well those in support of the claim of the plaintiff as of the defense, unless it be that the finding of the facts in support of the claim of the plaintiff necessarily negatives the proof of the facts offered in support of the defense, and *vice versa;* *Andrews v. Clark*, 72 Md. 433.

The exclusion of a fact proper to be considered by the jury is an objection as fatal as the assumption of a material fact; *Railroad Company v. Porter*, 19 Md. 458; see also *Cheney v. Transportation Co.,* 59 Md. 568; *Keedy v. Moats*, 72 Md. 330; *Andrews v. Clark, Ib.* 433; *Corbett v. Wolford*, 84 Md. 426. But objection to such prayers to avail must appear by the record to have been made below; *Cheney v. Transportation Co., supra.* As to the assumption of facts in prayers, see *Baltimore v. Poultney*, 25 Md. 18-19.

time, the witness, Samuel Lea, was then and there taken into the service of the Government, and by said officer in charge of said stables sent to Glenn Ellen, in Baltimore County, to take possession of, and bring into the City of Baltimore, for the use of the Government of the United States, the horses of the defendant, and deliver the same at the stables of the General Wayne Inn; and that in pursuance of said order Lea did proceed to the place indicated, and did take possession of certain of said horses of the defendant, and brought and delivered the same on the 10th of July, 1864, to the military authority — then in the possession and occupancy of said stables — then the plaintiffs are not entitled to recover, although the jury may find that the said Lea did, at the same time, bring with him to said stables, certain horses belonging to the plaintiffs; provided, the jury shall find that such horses of the plaintiffs were likewise passed over to the military authorities of the Government of the United States.

This instruction the court (Martin, J.,) refused to give, but instructed the jury as follows:

1. If the jury shall find from the evidence in this cause, that on the afternoon of the 9th of July, 1864, military possession was taken by the Government of the United States of the stables of the defendant, and that by the authority and **270** *direction of an officer of the United States Government in charge of said stables at the time, the witness, Samuel Lea, was then and there taken in the service of the Government, and by said officer in charge of said stables, sent to Glenn Ellen, in Baltimore County, to take possession of, and bring into the City of Baltimore, for the use of the Government of the United States, the horses of the defendant, and deliver the same at the stables of the General Wayne Inn; and that in pursuance of said order, the said. Lea did proceed to the place indicated, and did take possession of certain of said horses of the defendant, and brought and delivered the same on the 10th of July, 1864, to the military authorities then in the possession of said stables, then the plaintiffs are not entitled to recover, although the jury may further find, that the said Lea did at the same time bring with him to said stables certain horses belonging to the plaintiffs, provided the jury shall find that such horses of the plaintiffs were likewise passed over to the military authorities of

the Government of the United States; unless the jury find that such horses of the plaintiffs were passed over to the Government of the United States in the name of, and as the horses of the defendant, and that the defendant was credited with the same with his knowledge and consent ; but if the jury find that the horses of the plaintiffs were passed over to the Government of the United States by any person in the name, and as the horses of the defendant, with his knowledge and consent, then the plaintiffs are entitled to recover.

2. If the jury shall find a verdict for the plaintiffs under the preceding instruction, then, in estimating the damages, they are to ascertain what was the value of the horses of the plaintiffs passed to the Government of the United States, as the horses of the defendant, at the standard of price as established by the said Government, and to give to the plaintiffs the value of the said horses thus ascertained, with interest thereon, from the time they were passed over to the United States up to the time of rendering their verdict.

*To the refusal of the court to grant the instruction **271** asked for, the defendant excepted, as also to the instructions given by the court, and the verdict and judgment being against him, he appealed.

The cause was argued before Bartol, C. J., Stewart, Brent, Miller and Alvey, JJ.

*James W. McElroy* and *Thomas M. Lanahan,* for the appellant.

*Wm. Meade Addison* and *Robert J. Brent,* for the appellees.

Bartol, C. J., delivered the opinion of the court.

The question presented by the appellant's first, bill of exceptions, is the admissibility of the declarations of William H. Oliver, testified to by the witness Simmons. These declarations were admitted as evidence against the appellant, upon the ground that Oliver was acting as his agent, in delivering the horses of the appellees to the officers of the army; and while so acting made the declarations in question touching the

matter in which he was engaged. There was evidence from which such agency might be inferred, and it is well settled that the declarations of an agent so made may be given in evidence against the principal, as part of the *res gestæ.* 1 Greenl. Ev. sec. 113.

The second bill of exceptions was taken to the rejection of the three prayers of the appellant, and to the instruction given to the jury by the court below.

The first prayer of the appellant asked the court to declare that there was no sufficient evidence of a conversion; and his second prayer asked an instruction that there was no sufficient evidence in law to sustain the issue on the part of the appellee, the plaintiff below. There was very great conflict in the testimony touching the connection of the appellant with the taking of the appellees' horses, and disposing of them as his

**272** *own to the Government officers. The testimony of Simmons, taken in connection with that of Robert Gilmor, and of Louis and Jacob Sternheimer, tended to prove those facts, and if believed by the jury, was sufficient to establish a conversion by the appellee. 2 Starkie's Ev. 839; *Dietus v. Fus,* 8 Md. 148; *Harker v. Dement,* 9 Gill, 7.

The third prayer of the appellant was also properly refused, because it ignores the material facts, of which there was some evidence, that Lea and Oliver were the appellant's agents in taking the horses of the appellees, and delivering them to the Government officers; and it also omits to notice the fact that the horses were so delivered as the property of the appellant, and for his benefit, of which there was also some evidence. In our opinion, there was no error of which the appellant can complain in the instruction given to the jury; it placed the right of the appellees to recover upon the finding of the facts " that their horses were passed over to the Government of the United States in the name of, and as the horses of the appellant, and that he was credited with the same with his knowledge and consent."

It has been argued on the part of the appellant, that the instruction was erroneous in fixing, as the measure of damages, the value of the horses according to the standard of prices established by the Government, " with interest thereon from the time they were passed over to the United States." The error

is supposed to consist in allowing the jury to assess interest. But no authority has been cited to show that in *trover* interest upon the value of the goods from the time of the conversion, may not be recovered as damages. As was said by Lord Hardwicke, in *Eakins v. East India Co.* 1 P. Wms. 395, " If a man has my money by way of loan, he ought to answer interest; but if he detains my money from me wrongfully, he ought *a fortiori* to answer interest. And it is still stronger, where one by wrong takes from me either my money or my goods which I am trading with, in order to turn them into money." That is the equitable rule, *and there is nothing in the form of **273** action to make it inapplicable to a case of *trover*. In *Kennedy v. Strong,* 14 John. 128, interest was allowed in an action of *trover*. So also in *Hallett v. Novion,* 14 John. 273-279; *Bissell v. Hopkins,* 4 Cowen, 53, 54; *Hyde v. Stone,* 7 Wend. 358. This is the rule in Maryland. In *Hepburn v. Sewell,* 5 H. & J. 212, the court said, in *trover* the plaintiff " selects the date of the conversion as the epoch of the defendant's responsibility, and claims from him the value of the property at that period, with interest to the time of taking the verdict." Finding no error in the ruling of the Superior Court, the judgment will be affirmed.                    *Judgment affirmed.*