WILLIAM GENT *vs.* JACOB COLE, by his next friend, JOHN COLE.

*Defect or omission in Narr. cured by Verdict—Evidence inadmis sible in an action of Damages.*

Where the defendant in an action, instead of demurring to the declaration which was very defectively and inartificially drawn, pleaded over and issue was joined thereon, the issue being such as required at the trial proof of the facts so defectively or imperfectly stated or omitted in the declaration, such defect, imperfection, or omission will be cured by verdict; and a motion in arrest of judgment on the ground that the declaration did not contain a sufficient cause of action, will be overruled.

A negro apprentice, aged about seventeen years, was enlisted in the army of the United States for three years, by his master, as a substitute for his son who had been drafted. The substitute served in the army about fourteen months and was then discharged; sometime afterward he brought a suit against his former master to recover damages for loss and injury alleged to have been sustained by having been wrongfully enlisted. At the trial he gave no evidence to show that he had been injured either in body or mind by his service in the army, or that he had incurred any expense in consequence of his enlistment. The time of his service in the army was embraced within the term of his apprenticeship. But as reflecting upon the quantum of damages which the plaintiff supposed himself entitled to recover, he proved by a substitute broker what was the price usually paid for substitutes at the time he, the plaintiff, was enlisted. HELD:

That such evidence was inadmissible as furnishing no proper criterion for assessing damages for any loss sustained by the plaintiff in respect of either time or property for which he could claim to recover.

· APPEAL from the Baltimore City Court.

This action was brought by the appellee against the appellant. The declaration stated that the plaintiff sued the defendant,

First.—For that the said defendant, by fraud, imposition and false statements, did induce the plaintiff to enlist

in the Army of the United States as a private soldier, to the great loss and injury of the said plaintiff.

Second.—For that the said defendant did wrongfully and fraudulently procure the said plaintiff to be enlisted in the army of the United States as a private soldier, to the great loss and injury of the said plaintiff.

Third.—For that said defendant did wrongfully procure the said plaintiff to be enlisted in the United States army as a private soldier, to the great loss and injury of the said plaintiff.

And the plaintiff claimed two thousand dollars damages.

To this declaration the defendant pleaded the general issue and other pleas, and issues were joined thereon. Subsequently, after the jury was sworn, the plaintiff, by leave of the Court, added the following additional count to his declaration :

Fourth.—That the defendant unlawfully delivered the plaintiff to certain persons having military power, with the intent that he should be by them deprived of his liberty ; and the said persons did thereupon take control and command over the plaintiff, and deprive him of his liberty.

It was agreed that the above count should be filed to have the same effect as if an entirely new declaration had been filed, and that the pleas to the original declaration should be considered as equally applicable to the declaration as amended, and to each of the several counts thereof.

*Exception.*—At the trial, the plaintiff to maintain the issues on his part, proved that he was born free, being a negro—that in October, 1864, he was about seventeen years of age, and an apprentice to the defendant, and had been living with him in that relation for ten or twelve years ; that at that time the defendant told the plaintiff that he had been drafted as a soldier in the United States army, and that he must accompany him, the defendant, to Ellicott City ; that in obedience to his orders he went

with him and was enlisted in the army of the United States for three years; that he did not wish to go into the army, but that he enlisted because he was under the authority of the defendant, and obeyed his orders; that he served in the army about fourteen months and was then discharged; that in fact he had not been drafted, but was placed in the army by the defendant as a substitute for his son, who had been drafted. The plaintiff further proved by the enrolling officer, that he, the plaintiff, in the presence of the defendant at Ellicott City, entered into the service of the United States, as a substitute for the defendant's son, who had been drafted, and stated at the time that he willingly did so. The plaintiff then offered to prove by William Colton, a substitute broker, that the price usually paid for substitutes for drafted men, ranged from three hundred to nine hundred dollars, according to the demand; that in October, 1864, there was a considerable demand, and substitutes were high; that three hundred dollars at that time was a very low price. To the admissibility of Colton's testimony the defendant objected, but the Court overruled the objection and allowed the evidence to go to the jury; the defendant thereupon excepted.

A verdict was rendered for the plaintiff for $300. The defendant then moved the Court in arrest of judgment, because the declaration did not present a sufficient cause of action, and moved also for a new trial. The Court overruled both motions, and entered judgment on the verdict.

The defendant appealed.

The cause was submitted on briefs to BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*J. T. B. Dorsey*, for the appellant.

Gent *vs.* Cole.

*Wm. Shepard Bryan*, for the appellee.

ALVEY, J., delivered the opinion of the Court.

The verdict in this case being against the defendant, he moved in arrest of judgment, on the ground that the declaration did not disclose a sufficient cause of action. This motion was overruled by the Court below, and the first question presented on this appeal is, was the motion in arrest properly overruled?

The declaration as originally filed, contained three counts, and, under leave to amend, a fourth was added. The first three counts were in case, and the last in trespass. This joinder of counts, in a case like the present, is allowable, by the law of Maryland, as decided in the case of *Williams vs. Bramble*, 2 *Md.*, 313.

All the counts in the declaration are certainly very defectively and inartificially drawn, and it would be difficult to sustain either of them on general demurrer. For, as observed by Mr. Justice BULLER, (*Dougl.*, 159,) it is one of the first principles of pleading, *that facts should be stated*, "for the purpose of informing the Court, whose duty it is to declare the *law* arising upon those facts, and to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it." This essential and fundamental principle, which is incorporated into our simplified system of pleading, (Code, Art. 75, sec. 2,) has certainly been ignored in framing the counts in the present declaration. The statements of the tortious acts complained of, and of the manner by which they effected injury to the plaintiff, are altogether too general and indefinite to be good on demurrer.

But the defendant, instead of demurring, pleaded over, and issue was joined thereon ; and such being the case, the principle is, that " where there is any defect, imperfection, or omission in any pleading, whether in substance

or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission, is cured by the verdict." 1 *Wms. Saund.*, 228, *n.* (1;) *Jackson vs. Pesked*, 1 *M. & S.*, 234; *Merrick vs. Bank of the Metropolis*, 8 *Gill*, 59. The principle as here stated is also substantially, and almost literally incorporated into our simplified system; (Code, Art. 75, sec. 9;) and as the defects in the several counts appear to be such as are curable by the verdict, it follows that the Court below was right in overruling the motion in arrest of the judgment.

The only other question presented, is that by the defendant's defective bill of exception, which, by the agreement of the parties, we are asked to consider. This question is as to the admissibility of certain evidence offered by the plaintiff to reflect upon the *quantum* of damages which he supposed himself entitled to recover. The plaintiff was seventeen years of age at the time he entered the army, in 1864, as a substitute for the son of the defendant. He was at the time an apprentice to the defendant, and, of course owed him service until twenty-one years of age. He was not at liberty to enlist in the army against the consent of his master, and it is somewhat difficult to perceive upon what principle he can claim to recover of the defendant the price of a substitute for the son, in this action. By entering the army he absolved himself from his apprenticeship, and ceased to owe service to the defendant, and, as a soldier of the United States, he became entitled to receive, and, as we must presume, did receive the regular pay of a soldier for the time of his service. In actions for personal injuries, such as this is supposed to be, the damages assessed are

for the pain inflicted, whether bodily or mental, and the expenses and loss of time and property, which may have been the natural and proximate consequence of the wrong of the defendant. Here, it does not appear whether the plaintiff was wounded either in body or mind by his service in the army, and, as the time of such service was embraced within the term of his apprenticeship, we are at a loss to understand how the price of substitutes, fixed and regulated by substitute brokers, could have furnished the jury with any proper criterion for assessing damages for any loss sustained by the plaintiff in respect of either time or property, for which he could claim to recover in this action. We think, therefore, that the Court below was in error in admitting the evidence of Colton as to the price of substitutes, and shall, consequently reverse the judgment, and award a new trial.

*Judgment reversed, and*
*new trial awarded.*

(Decided 22nd of May, 1873.)