## HENRY ROWLAND *vs.* DAVID LONG.

*Proof of Agency—Declarations by Agent to bind the Principal—Agency vel non—Partnership.*

The declarations of a person professing to act as the agent of another, are not, *per se*, admissible in evidence to bind the principal. And in order to make them so, there must be proof *aliunde*, from which the agency must be inferred.

If the proof in this respect be so slight and inconclusive, as not to justify a jury in the exercise of a reasonable intelligence, to infer the agency, such declarations are inadmissible.

On the other hand, if it be *legally sufficient* to warrant the jury in finding that the party making the declarations was the agent, then they ought to be admitted.

In all cases however, the admissibility of the declarations is a preliminary question for the Court; but agency *vel non*, is a question for the jury.

In an action to recover the price of a horse claimed to have been sold to the defendant through the agency of Z., the evidence showed, that prior to the purchase of the horse, Z. had purchased horses of other persons as the agent of the defendant, and that these purchases had been ratified and adopted by the defendant, and that these facts were known to the plaintiff. In addition to this, when the plaintiff called upon the defendant for the payment of the purchase money, the latter told him not to be uneasy about the money,—that it should be paid,—that Z. ought to have paid it; and further said that they had lost money upon the purchase of horses. HELD:

1st. That this constituted proof not only of the adoption and ratification by the defendant of the acts of Z., but in addition thereto, of the pregnant fact that when the purchase money was demanded of him by the plaintiff, there was no denial of Z's agency or authority.

2nd. That this evidence was sufficient to warrant the jury in finding the agency of Z., and rendered the declarations made by him at the time of the purchase admissible in evidence.

To rebut the proof thus offered by the plaintiff, the defendant testified that he had employed Z. to purchase horses, and that by the terms of their agree-

Rowland *vs.* Long.

ment the defendant was to furnish the money to pay for the horses, and that Z. was to make the purchases and bring the horses in, and that in consideration of such services, the defendant was to give him a part of the profits. And the defendant further said that he was to bear all the losses and that he did not consider it a partnership. HELD :

That this evidence was sufficient to be submitted to the jury from which they might find a partnership between the defendant and Z. as to third parties.

Where two persons agree to carry on a trade or business for their mutual benefit, one to furnish the money and the other to perform certain labors and services, and each to share the profits to be derived from such trade or business, they become liable as partners *to third persons*, although in fact no partnership was contemplated by the parties themselves.

It is not material that the exact proportion of profits to which each was entitled should appear.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered the following prayer :

That if the jury believe from the evidence in this cause, that prior to the sale and purchase of the horse, the price of which is sued for in this action, a partnership existed between Henry Rowland and John F. Zeigler for the purchase of horses, and that no notice of the dissolution of said partnership was given to the public by publication or otherwise, or that the plaintiff had not notice in some other way of such dissolution, and the plaintiff sold to John F. Zeigler, (as the partner of said Henry Rowland,) the horse for the price of which this suit is instituted, without any knowledge of the said dissolution, if there was a dissolution, but relied upon the responsibility of the said Rowland, then the plaintiff is entitled to recover.

The defendant offered the following prayer :

That to entitle the plaintiff to recover in this action, the jury must believe from the evidence that the witness, Zeigler, was, at the time he bought the horse from the

plaintiff, the agent of the defendant, acted as such agent, and was authorized to buy said horse.

The Court, (ALVEY and MOTTER, J.,) granted the plaintiff's prayer, and refused to grant the defendant's prayer as offered, but granted it modified as follows:

That to entitle the plaintiff to recover in this action, the jury must believe from the evidence, that the witness Zeigler, was, at the time he bought the horse of the plaintiff, the agent or partner of the defendant, acted as such agent or partner, and was authorized to buy said horse in the name of the defendant, for said defendant, if the jury find he was only agent and not partner, but that if the jury find that at the time of the purchase of said horse by Zeigler, he was engaged as the agent of the defendant in buying horses for him, it is not necessary in order to bind the defendant, that Zeigler should have been especially authorized to buy the plaintiff's horse.

The defendant excepted. The jury rendered a verdict for the plaintiff and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*Louis E. McComas* and *Daniel Weisel,* for the appellant.

If the rule in *Marshall vs. Haney,* 4 *Md.,* 511, and in *Atwell vs. Miller,* 11 *Md.,* 359, is not intended to be relaxed by its exposition in *Rosenstock vs. Tormey,* 32 *Md.,* 181, and *Mechanics' Bank vs. The Bank of Baltimore,* 36 *Md.,* 22, the facts fail to show "sufficient evidence of agency" to permit the declarations of Zeigler to go to the jury.

The testimony does not show, and does not tend to show a partnership *inter se,* or as to third persons. The former exists only by the actual intention of the parties, the latter

Rowland vs. Long.

may arise by mere operation of law against the intention of the parties. But this case is within the ruling of *Crawford, et al. vs. Austin, et al.*, 34 *Md.*, 50.

A party who receives a proportion of the profits as a compensation for his services, will not be deemed a partner as to third persons, because the transaction admits of a different interpretation, and may justly be deemed a mere mode of ascertaining and paying the compensation of an agent as in a naked case of agency. *Bennett's Story on Partnership*, sec. 32.

All of the books sustain the distinction between an interest in the profits themselves as profits, and the payment of money in proportion to a given quantum of profits, as the reward of and as a compensation for labor and services, and that to constitute one a partner with another, each person must have a specific interest in the profits as a principal trader. *Bennett's Story on Partn.*, sec. 33; *Gow on Partn.*, ch. 1, *p*. 18, (*3rd Ed.*;) *Collyer on Partn.*, *B.* 1, *C.* 1, *D.* 1, *pp*. 17, 18, (*2nd Ed.*)

As Chancellor WALWORTH, adopting Lord ELDON's language, expresses it, "If a man stipulates that as the reward of his labor he shall have, not a specific interest in the business, but a given sum of money even in proportion to the quantum of profits, that will not make him a partner." *Champion vs. Bostwick*, 18 *Wend.*, 175, 184; *Bennett's Story*, sec. 39, *n*. 1.

Judge STORY strongly urges that the obligations of partnership ought not to apply to cases where one party is to act manifestly as the mere agent of another, and is to receive a compensation for his labor and services only, and not a share as a partner, or to possess the rights and powers of a partner. *Bennett's Story*, secs. 48, 49.

There is no partnership in a case of service, where the employé has no power as a partner in a firm, and no interest in the profits as property, but is simply employed as a servant or special agent, and is to receive a proportion

of the profits as a compensation for his services. An interest in the profits as profits, constitutes one a partner. *Berthold vs. Goldsmith,* 24 *Howard,* (*U. S.,*) 543; *Parsons on Partnership,* (*2nd Ed.,*) 71.

*H. H. Keedy,* for the appellee.

"It is not the province of the Court to determine the question of agency or not, more than any other fact involved in the issue; but to decide whether there is any evidence tending to prove agency.—Whether there be any evidence or not, is a question for the Judge.—Whether it is sufficient evidence, is a question for the jury." *Nat. Mechanics' Bank of Balt. vs. Nat. Bank of Balt.,* 36 *Md.,* 20; *Henderson vs. Mayhew,* 2 *Gill,* 409; *Morrison vs. Whiteside,* 17 *Md.,* 459; *Thomas vs. Sternheimer,* 29 *Md.,* 271; *York County Bank vs. Stein,* 24 *Md.,* 465.

In this case there was evidence tending at least to show that there was a community of interest in the horses purchased, and also a community of interest in the profits. 2 *Greenleaf on Evidence, sec.* 482.

Chancellor KENT in his *Commentaries, vol.* 3, *s. p.* 24, (11*th Ed.,* 1867,) says: "If one person advances funds, and another furnishes his personal services or skill in carrying on a trade, and is to share in the profits, it amounts to a partnership."

ROBINSON, J. delivered the opinion of the Court.

This suit was brought to recover from the appellant, the contract price of a horse, sold by the appellee, plaintiff below, to one Zeigler, *as the agent or partner of the* appellant.

The first question for us to decide is, whether the declarations of Zeigler, made at the time of the sale and purchase, were admissible in evidence to bind the appellant? Such declarations, it is clear, were not binding upon the appellant, unless Zeigler was at the time his agent, and

acting within the scope of his authority; nor were they admissible in evidence, unless there was proof from which the agency could be inferred.   Without reviewing the several cases in which this question has been considered by this Court, it is sufficient to say, that the declarations of a person professing to act as the agent of another, are not *per se* admissible in evidence to bind the principal; and in order to make them so, there must be proof *aliunde*, from which the agency may be inferred.   If the proof in this respect be so slight and inconclusive, as not to justify a jury, in the exercise of a reasonable intelligence, to infer the agency, such declarations are inadmissible; on the other hand, if it be *legally sufficient* to warrant the jury in finding that the party making the declarations was the agent, then they ought to be admitted.   It is not easy to lay down a more certain and definite rule.   In all cases however, the admissibility of the declarations is a preliminary question for the Court, but agency *vel non*, is a question for the jury.   *Henderson vs. Mayhew*, 2 *Gill*, 409; *Morrison vs. Whiteside*, 17 *Md.*, 459; *York County Bank vs. Stein*, 24 *Md.*, 465; *Thomas vs. Sternheimer*, 29 *Md.*, 271; *Natl. Mechanics' Bank of Balt. vs. Natl. Bank of Balt.*, 36 *Md.*, 20.

The inquiry then on this branch of the case resolves itself into this, was the proof offered by the appellee sufficient to justify the inference that Zeigler was the agent of the appellant at the time such declarations were made?

Now the evidence shows, that prior to the purchase of the plaintiff's horse, Zeigler had purchased horses of other persons as the agent of the appellant, and that these purchases had been ratified and adopted by the appellant; and that these facts were known to the appellee.   In addition to this, when the appellee called upon the appellant for the payment of the purchase money, the latter told him not to be uneasy about the money, that it should be paid,—that

Zeigler ought to have paid it; and further said, that they had lost money on the purchase of horses. Here then was proof, not only of the adoption and ratification by the appellant of the acts of Zeigler, but in addition thereto, the pregnant fact, that when the purchase money was demanded of him by the appellee, there was no denial of Zeigler's agency or authority,—on the contrary, there was an implied admission that the horse had been purchased by the authority of the appellant. This evidence was sufficient, in our opinion, to warrant the jury in finding the agency of Zeigler; and if so, the declarations made by him at the time of the purchase were admissible in evidence.

To rebut the proof thus offered by the appellee, the appellant testified, that he had employed Zeigler to purchase horses, and that, by the terms of their agreement, the appellant was to furnish the money and pay for the horses and cattle, and that Zeigler was to make the purchases and bring the horses in, and that in consideration of such services the appellant was to give him a part of the profits. The appellant further said, he was to bear all the losses, and he did not consider it a partnership.

Upon the evidence thus offered, the Court instructed the jury, "that if they believed from the evidence, that prior to the sale and purchase of the horse, the price of which is sued for in this action, a partnership existed between Henry Rowland and John F. Zeigler for the purchase of horses, and that no notice of the dissolution of said partnership was given to the public, by publication or otherwise, or that the plaintiff had not notice in some other way of such dissolution, and the plaintiff sold to John F. Zeigler, as the partner of said Henry Rowland, the horse, for the price of which this suit is instituted, without any knowledge of said dissolution, if there was a dissolution,

but relied on the responsibility of said Rowland, then the plaintiff is entitled to recover."

We see no objection to this prayer. Whatever conflict there may be in the decided cases as to what are the elements necessary to constitute a partnership, and however difficult it may be to lay down definite rules as applicable to all cases, it is well settled, we think, that where two persons agree to carry on a trade or business for their mutual benefit, one to furnish the money and the other to perform certain labor and services, and each to share the profits to be derived from such trade or business, they become liable as partners *to third persons*, although in fact no partnership was contemplated by the parties themselves. In such a case, each party has an *interest or property in the profits as profits*, and is entitled to an account for the same. *Waugh vs. Carver*, 2 *Hy. Black.*, 235 ; *Smith's Leading Cases, vol.* 1, *part* 2, *and note*, 1175 ; *Smith vs. Watson*, 2 *B. & C.*, 407 ; *Ex parte Rowlandson*, 1 *Rose*, 91 ; *Green vs. Beesley*, 2 *Bing. N. C.*, 110 ; *Ex parte Langdale*, 18 *Vesey*, 300 ; *Hazard vs. Hazard*, 1 *Story*, 371.

Here the appellant was to furnish the money, and Zeigler was to purchase the horses, and the profits to be realized from the purchases and sales were to be divided between them. The exact proportion of the profits to which each was entitled does not appear from the evidence, but that is quite immaterial. Now, under such an agreement as this, it is clear from all the authorities, that they became liable as partners to third parties, although in fact they may not have intended to form a partnership.

The defendant's prayer was properly rejected by the Court. It entirely ignored the liability of the appellant if the jury should find that there existed a partnership between him and Zeigler. It was also objectionable, because from its language the jury might infer they were bound to find that Zeigler had *special authority* to purchase the horse sued for.

The modification of the prayer by the Court, presented the law correctly to the jury.

Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*