## DR. EUTAW D. NEIGHBORS *vs.* ORESTES F. LEATHERMAN.

*Pleading*: *sufficiency of declarations.* *Prayers.* *Negligence;*
*escaping steam; frightening horses.*

There is no liability on an adjoining land owner for frighten-
ing horses on the highway, unless the object causing the
fright is calculated to frighten horses ordinarily gentle, and
unless the plaintiff's horse was ordinarily gentle. .     p. 488

Even under our simplified system, the fundamental principles
of pleading are still recognized and enforced.          p. 487

A declaration which fails to state substantial facts essential to
a recovery can not be recognized as sufficient.         p. 488

An action for damages was brought against the owner of a
grist mill located along a turnpike, on the ground that smoke
and steam escaping from the engine of the mill had fright-
ened the horse of the plaintiff and had caused the latter to
be thrown from his carriage and injured; the declaration
failed to aver that the horse was frightened by the smoke,
or that the steam was discharged in excessive or unusual
volume, or that it was calculated to frighten a horse ordi-
narily gentle, or that the plaintiff's horse was ordinarily
gentle, or whether the steam pipe was faulty, or where it
was placed, etc.; *held,* that the declaration failed to state a
good cause of action and that it was properly demurrable.

p. 489

When a prayer refers to the pleadings the sufficiency of the
declaration may be inquired into.                       p. 489

Where a declaration fails to state a legal cause of action, a
prayer by the defendant asserting that under the pleadings
the plaintiff is not entitled to recover should be granted.

p. 489

Prayers that are vague and indefinite are properly refused.

p. 490

*Decided November 15th, 1911.*

Appeal from the Circuit Court for Frederick County (MOTTER and PETER, JJ.), where a judgment was rendered on verdict for the plaintiff for $1,500.00.

The cause was argued before BOYD, C. J., PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*M. G. Urner* (with whom was *W. P. Maulsby* on the brief), for the appellant.

*Leo Weinberg* (with whom was *Frank L. Stoner* on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

This is defendant's appeal from a judgment recovered by the plaintiff in the Court below for injuries alleged to have been caused by the negligence of the defendant in the operation of a grist mill owned and operated by him, and situated in Frederick county along the turnpike from Emmitsburg to Frederick City. The declaration contained three counts, to each of which the defendant demurred, but the demurrer was overruled as to each count, and the case went to trial upon the plea of not guilty, resulting in a judgment for the plaintiff for the sum of fifteen hundred dollars.

Two exceptions were taken by the defendant during the course of the trial to the admission of evidence, but they were not noticed by his counsel either in the brief or in the oral argument, and we discover no error in either ruling.

At the close of the plaintiff's case, the Court, at the request of the defendant, instructed the jury that upon the pleadings and all the evidence, the plaintiff had produced no evidence legally sufficient to entitle him to recover upon either the second or third count of the declaration. This eliminates both those counts from our consideration. The defendant also asked an instruction that upon the pleadings and all the evidence the verdict of the jury must be for the defendant, which instruction was refused. The defendant then offered testimony in his own behalf, and at the close of

the whole case renewed the last-mentioned prayer, which was again rejected. The plaintiff then offered one prayer, to which the defendant filed a special exception, but the Court overruled the special exception and granted the prayer. The defendant offered fifteen prayers, of which the Court granted the 2nd, 3rd, 7th, 9th, 10th, 12th and 15th and rejected the 1st, 4th, 5th, 6th, 8th, 11th, 13th and 14th.

The first question is the sufficiency of the first count of the declaration, which alone remains for consideration and which was challenged by the demurrer.

This count is as follows: "That the defendant is the owner of a mill situated in Lewistown District, Frederick County, Maryland, along the Frederick and Emmitsburg Turnpike in said county, and had installed and placed in said mill a steam engine, the exhaust pipe of and from which he (the defendant) had, the plaintiff avers, negligently and wrongfully placed and permitted to extend in such a manner as to expel the *smoke* therefrom, out over the said turnpike or public road aforesaid, negligently and wrongfully permitted and suffered to be discharged and emitted therefrom large quantities of *steam,* much to the annoyance, inconvenience and danger of those rightfully using said public road or turnpike; and that the plaintiff, while using due care, driving along said turnpike in a funeral procession, in a vehicle occupied by himself, his wife and child, his horse going at a very slow gait, was, by reason of the negligence and carelessness of the defendant, in that the defendant negligently and wrongfully caused and permitted to escape from said exhaust pipe large volumes of dense and thick steam, by reason of which said steam the horse the plaintiff was driving became frightened, then and there kicked and threw the plaintiff out of the vehicle to the ground.

And the plaintiff avers that he was painfully injured and permanently disabled by reason of the horse becoming frightened at the steam thus emitted and ejected because of the negligence of the defendant; and that he, the plaintiff, was at the time using due care and caution. But the defendant

did not exercise care about and in the premises, much to the hurt, injury and damage of the plaintiff."

In *Gent* v. *Cole,* 38 Md. 110, JUDGE ALVEY said, quoting the language of MR. JUSTICE BULLER in *Rex* v. *Lyme Regis.* Dougl. 159, "facts must be stated for the purpose of informing the Court, whose duty it is to declare the law arising on those facts, and to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it; and in *Edger* v. *Burke,* 96 Md. 715, this Court said, "the fundamental principles of pleading are still recognized and enforced in our simplified system of pleading."

The only substantial facts stated in this count of the declaration are these:

(1) That defendant owned a mill along a certain turnpike;

(2) That he had placed a steam engine therein;

(3) That he had negligently allowed the exhaust pipe of this engine to be so placed as to expel *smoke over the turnpike;*

(4) That he negligently permitted large quantities of steam to be emitted from said exhaust pipe, to the inconvenience and danger of those rightfully using the turnpike, *but without stating that it passed on or over the turnpike;*

(5) That while driving on the turnpike and using due care his horse was frightened by the escape of steam and he was thrown out of his carriage and injured.

Now the operation of a grist mill is a lawful business.

It may be lawfully located and operated immediately along a highway, and for the convenience of the public such mills are usually so located.

It is lawful to use steam in the operation of such mills and to discharge the waste steam through an exhaust pipe.

The declaration avers that *smoke* was discharged from the exhaust pipe *out over the turnpike,* but does not aver that the fright of the horse was caused by this smoke.

It charges that the horse was frightened by the discharge of steam, but does not aver that it was in excessive or unusual volume, or that it was discharged on or over the highway.

It does not allege where the .exhaust pipe was located on the defendant's premises or how it was negligently constructed.

It does not allege that the escape of steam was such as was calculated to frighten horses ordinarily quiet and gentle, and that such fact was known to the defendant, nor does it allege that plaintiff's horse was ordinarily gentle and quiet.

The rule is well settled that there is no liability of an adjoining land owner for frightening horses on the highway unless the object causing the fright is calculated to frighten horses of ordinary gentleness, and unless the plaintiff's horse is ordinarily gentle.

A declaration which fails to state every substantial fact essential to a recovery can not be regarded as sufficient to put the defendant upon his defence, and we think, as was said by JUDGE ALVEY in *Gent* v. *Cole, supra,* that "the statement of the tortious acts complained of and the manner in which they effected the injury to the plaintiff are altogether too general and indefinite to be good on demurrer."

The plaintiff relies very confidently to sustain this count of the declaration upon the case of *Fort Wayne Cooperage Co.* v. *Page,* 23 L. R. A. N. S. 946, in which it was held that the complaint stated a good cause of action, but a comparison of that complaint with the declaration in this case will disclose a wide difference between the two.

The complaint in that case stated that the defendant's steaming house of its stave factory was nine feet south of the highway, and was supplied with steam by a pipe parallel to the highway and between the steaming house and the highway, terminating at the northeast corner of the steaming house, within *nine feet of the highway, in an upright stem standing 6 feet above the ground,* from the top of which steam the exhaust steam escaped and all times when not used in filling the vats, with a loud, puffing noise, and when the wind was

southerly would float in clouds across the highway, frequently totally obstructing vision along the road; and that said clouds of steam and accompanying great noise were *calculated to frighten horses of ordinary gentleness* driven along the highway, which fact was well known to the defendant; that at the time of the accident, the plaintiff was *driving a quiet and gentle horse* in a careful manner, *without knowing or apprehending danger,* and when within 30 feet of said upright pipe a large cloud of steam suddenly burst forth from said pipe with a loud and frightful noise, and floated over the highway immediately in front of plaintiff's horse, whereby he became frightened and beyond the plaintiff's control.

It will thus be seen that the complaint in that case plainly stated every substantial fact essential to establish the liability of the defendant if sustained by the proof in the case, and that it affords no support to the sufficiency of the count of the declaration now before us. In our opinion it does not state a good cause of action and the demurrer thereto should have been sustained.

The defendant's fourth prayer, renewed at the close of the whole case, which was refused by the Court, was "That upon the pleadings and all the evidence in the case the verdict of the jury must be for the defendant."

In *Baltimore City Passenger Railway Co.* v. *Wilkinson,* 30 Md. 230, JUDGE BARTOL said, "It has always been competent for a party by a prayer properly framed to call the attention of the Court to the pleadings and to ask its judgment upon their sufficiency or legal effect; the rule being that every suitor must recover according to the *allegata and probata.*"

In *Ward* v. *Schlosser,* 111 Md. 534, it was held that under a prayer which referred to the pleadings the sufficiency of the declaration could be inquired into, and that when the declaration fails to state a legal cause of action, a prayer offered by the defendant which asserts that under the pleadings the plaintiff is not entitled to recover, should be granted,

and that case was approved in *Sumwalt Co.* v. *Knickerbocker,* 114 Md. 413.

There was error therefore in refusing the defendant's fourth prayer, and for this error the judgment must be reversed and the case be remanded for a new trial upon an amended declaration.

The plaintiff's prayer was defective, in not requiring the jury to find that the plaintiff's horse was one of ordinary gentleness and reasonably safe to drive upon a highway, and should for that reason have been rejected.

There was no error in rejecting the defendant's first prayer.

The defendant's fifth prayer dealt with the alleged assumption of risk by the plaintiff in continuing to drive on after knowledge that steam was blowing across the turnpike, and after his horse had become frightened the first time, but without passing upon the legal proposition presented, we are of opinion the phraseology of the prayer justified its rejection.

The defendant's ninth prayer which was granted gave him the full benefit of all that was asked in his sixth and eighth prayers, and there was no error in their rejection.

His fifteenth prayer which was granted gave him the benefit of all that was asked in his eleventh and thirteenth prayers, and there was no error in their rejection.

The defendant's fourteenth prayer does not point out or identify the facts it asks to be considered in connection with all the other testimony in the case and could not have been properly granted in that vague and indefinite form.

For the reasons stated the judgment must be reversed.

> *Judgment reversed and new trial awarded, the appellee to pay the costs above and below.*