## CECIL PAPER COMPANY INCORPORATED *vs.* WILLIAM H. NESBITT.

*Negligence*: *declarations; sufficiency of—; run-away teams; negligence of defendant; expert testimony; when not admissible. Agents: declarations; res gestae. Prayers; cross-examination.*

A declaration alleged in substance that through the defendant's negligence in the loading of bales of paper upon its wagon, several of them fell upon the public road, where they were allowed to remain, and that while there they caused the plaintiff's team, which he was driving in a careful manner, to scare and run away, throwing him out and injuring him severely and permanently. *Held,* that the declaration stated with sufficient clearness an actionable tort.          p. 66

To constitute a good cause of action in a case of negligence, there should be stated a right on the part of the plaintiff, a duty on the part of the defendant in respect to that right, and a breach of that duty by the defendant.          p. 66

It is sufficient if the facts constituting the cause of action are stated, without detailing a variety of circumstances which constitute the evidence of it.          p. 66

While, in general, the presentation of the same legal proposition in different prayers, is a practice not to be commended, because tending to confuse and mislead the jury, yet it is not a ground for reversal when it does not appear to have been open to that objection.          p. 67

A prayer is erroneous that excludes from the jury questions proper for their consideration.          p. 67

Declarations, statements and admissions of an agent made in the course of his employment and within the scope of his authority, are binding upon the principal; and where the agency is sufficiently established such declarations are admissible against the principal as part of the *res gestae.*          p. 68

The declaration of the defendant's driver, made prior to his taking out a loaded wagon, that it was not carefully loaded and that some of the load was liable to fall off, may constitute part of the *res gestae,* and was held to be admissible in evidence in a suit for damages against the principal by one who brought suit for damages for injuries received, because of the fall of part of the load.　　　　　　　　　　pp. 68-69

When questions under consideration can be decided by ordinary experience and knowledge found in the common businesss of life, the jury are competent to draw proper inferences from the facts without hearing the opinion of experts; in such cases the facts themselves must be given in evidence and conclusions or inferences drawn by the jury.　　　p. 69

In an action for damages for injuries caused to the plaintiff by the running away of his team of mules occasioned by the carelessness and negligence of the defendant's agents, expert opinion of a witness as to the conduct of mules generally when frightened is not admissible.　　　　　　　　　　p. 69

For improper cross-examination of a witness to present grounds for reversal, there must not only be error, but also an injury to the exceptant.　　　　　　　　　　　　　　　　　　p. 70

*Decided January 9th, 1912.*

Appeal from the Circuit Court for Cecil County (PEARCE, C. J., ADKINS and HOPPER, JJ.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Willam S. Evans* and *Frank B. Evans,* for the appellant.

*William T. Warburton* and *Henry A. Warburton,* for the appellees.

The following are the prayers that were offered by the plaintiff and defendant, respectively, and the action of the trial Court upon each:

*Plaintiff's 1st Prayer.*—If the jury find that on or about the 12th day of August in the year 1910, the plaintiff was injured in the manner stated in the declaration and that said injury resulted directly from the want of ordinary care and prudence of the defendant, or its agents or servants, and not from want of ordinary care on the part of the plaintiff directly contributing to the injury, then the plaintiff is entitled to recover. (*Granted.*)

*Plaintiff's 2nd Prayer.*—If the jury find that on or about the 12th day of August in the year 1910, the plaintiff was injured in the manner stated in the first count of the declaration and that said injury resulted directly from the want of ordinary care and prudence of the defendant or its agents or servants and not from want of ordinary care and prudence on the part of the plaintiff directly contributing to the injury then the plaintiff is entitled to recover. (*Granted.*)

*Plaintiff's 3rd Prayer.*—If the jury find that on or about the 12th day of August in the year 1910, the plaintiff was injured in the manner stated in the second count of the declaration, and that said injury resulted directly from the want of ordinary care and prudence of the defendant, or its agents or servants, and not from want of ordinary care and prudence on the part of the plaintiff directly contributing to the injury, then the plaintiff is entitled to recover. (*Granted.*)

*Plaintiff's 4th Prayer.*—If the jury find that on or about the 12th day of August in the year 1910, the plaintiff was injured in the manner stated in the third count of the declaration, and that said injury resulted directly from the want of ordinary care and prudence of the defendant, or its agents or servants, and not from want of ordinary care and prudence on the part of the plaintiff directly contributing to the injury, then the plaintiff is entitled to recover. (*Granted.*)

*Plaintiff's 5th Prayer.*—If the jury shall find a verdict for the plaintiff then in estimating the damages they are to consider his health and condition before the injury complained of as compared with his present condition in consequence of said injury and whether the same is in its nature

permanent, and how far if at all it is calculated to disable him from engaging in those employments for which in the absence of such injury he would have been qualified and also the physical and mental suffering, if any, to which he was subjected, by reason of said injury, and to allow him such damages, as in the opinion of the jury will be a fair and just compensation for the injury which he has sustained. (*Granted.*)

*Plaintiff's 6th Prayer.*—The plaintiff prays the Court to instruct the jury that there is no evidence of contributory negligence on the part of the plaintiff in this case. (*Rejected.*)

---

*Defendant's 1st Prayer.*—The Court instructs the jury that in order to entitle the plaintiff to a verdict in this case, he must satisfy the jury by a preponderance of evidence that the defendant was guilty of negligence and that such negligence was the direct and proximate cause of the injury; that the plaintiff's team of mules was frightened by the bales that fell from defendant's wagon; and the jury must be satisfied from the evidence in the case that there was no want of ordinary care and prudence on plaintiff's part directly contributing to the injury complained of. (*Granted.*)

*Defendant's 2nd Prayer.*—The Court instructs the jury that if they find from the evidence in this case that the mules driven by the plaintiff were roadworthy and easily controllable, that the driver was skilful and careful, that the vehicle and harness were sufficient and in good repair, that nevertheless the plaintiff in this case cannot recover if they shall further find that the said plaintiff might have prevented the injury by the exercise of reasonable care and caution. (*Rejected.*)

*Defendant's 3rd Prayer.*—The Court instructs the jury that ordinary care and caution is such a degree of care and caution as men of ordinary prudence under similar circumstances usually employ; and in determining whether the

plaintiff used ordinary care and caution, they shall consider all the facts and circumstances of the case as given in evidence and with such facts the jury may consider the ordinary conduct and motives of men for avoiding all undue exposure to risk and danger in determining the question whether or not the plaintiff exercised reasonable care and caution to prevent the accident. (*Granted.*)

*Defendant's 4th Prayer.*—The Court instructs the jury that if they shall find from the evidence that the mules, or either of them, driven by the plaintiff were not roadworthy and easily controllable, but that one or both of said mules were young and not thoroughly broken, or if the jury shall find that the plaintiff, as a driver, was not skilful and careful, or if the jury shall find that the vehicle or harness was defective or out of repair, then the plaintiff cannot recover in this case unless they shall further find that the said plaintiff exercised the highest degree of care and caution both in the management of the said mules and in his own conduct seeking to avoid the injury. (*Refused.*)

*Defendant's 5th Prayer.*—The Court instructs the jury that even though they shall find from the evidence in this case that the mules were roadworthy and easily controllable and that the driver was skilful and careful, that the vehicle and harness were sufficient and in good repair, and that the said plaintiff used the requisite degree of care and caution in all things seeking to prevent the accident; that in such case, if they shall so find, these facts and circumstances in no way serve to raise a presumption of negligence on the part of the defendant. (*Granted.*)

*Defendant's 6th Prayer.*—The Court instructs the jury that the plaintiff cannot recover in this case if the jury believe from the evidence that any want of ordinary care on his part contributed to produce the injury complained of. (*Granted.*)

*Defendant's 7th Prayer.*—The Court instructs the jury that the mere falling off from the defendant's wagon into the public highway of the bales in evidence, through acci-

dent or misadventure, is not in itself actionable negligence, and that in order to entitle the plaintiff to recover in this case he must show by preponderating evidence that the defendant had notice that the said bales were upon the highway and failed to remove them within a reasonable time; and that if the jury believe that the defendant's mill and business in Cecil county was under the management and control of a superintendent and that he was not notified and did not know that the said bales had fallen into the highway, if they shall so find, until the afternoon of the happening of the injuries to the plaintiff, and that he, the said superintendent, on the morning following the accident, had the bales removed then such removal was made within a reasonable time and the plaintiff cannot recover in this case. (*Rejected.*)

*Defendant's 8th Prayer.*—That there is no evidence in this case legally sufficient to entitle the plaintiff to recover damages for any permanent injuries. (*Rejected.*)

BRISCOE, J., delivered the opinion of the Court.

The appellant is a corporation, known as the Cecil Paper Company, Incorporated, and owns and operates a paper mill, near Rising Sun, a station on the Philadelphia and Baltimore Central Railroad, in Cecil county.

The appellee is a resident of Cecil county, and on the 16th day of December, 1910, brought this suit against the appellant to recover damages for personal injuries sustained by him, by reason of the alleged negligence of the appellant while he was driving over one of the public roads of the county.

The declaration contains three counts, and the defendant in the Court below interposed a demurrer to each count, and the overruling of these demurrers presents the first question for our consideration on this appeal.

The first count of the declaration alleges "that the defendant in the operation of the mill uses what is known as paper stock, which is shipped to the defendant in bales;

that the defendant hauls the bales of paper stock from the railroad station at Rising Sun to its mills in wagons; that the defendant while engaged in hauling the bales of paper stock negligently loaded the same upon its wagons; that in consequence of the negligence, while the wagons of the defendant were passing over and upon the public road from the railroad station to its mills some of the bales fell from the wagon upon the public road; that in consequence of the negligence of the defendant, the plaintiff on the 12th day of August, 1910, while driving with due care, his team, of two mules and wagon, along and over the public road, his said mules, frightened at the bales of paper lying in the public road, became unmanageable and ran away, whereby the plaintiff was thrown out and seriously and permanently injured.

The second count avers that the defendant while engaged in hauling the bales of paper stock, some of the bales fell from the wagon upon the public road, and the defendant, knowing that the same had fallen from its wagon, negligently allowed the bales to remain upon the public road where they had fallen, and that in consequence of the negligence of the defendant, the plaintiff was seriously and permanently injured, etc.

The third count avers that the defendant's servant acting within the line of his employment and within its scope while engaged in hauling the bales of paper stock on the 10th day of August, 1910, over the public highway, and when about one mile from Rising Sun discovered that the bales or a portion of them would not carry to the mills, negligently proceeded with the load, and before reaching the mills some of the bales fell from the wagon and upon and on the side of the highway; where they remained for several days; that in consequence of the negligence of defendant's servants the plaintiff on the 12th day of August, 1910, while driving with due care his team of two mules and wagon, along and over the public road, his mules frightened at the bales of paper stock lying in the public road, became unmanageable

and ran away whereby the plaintiff was thrown out and permanently injured.

It is contended upon the part of the appellant that the demurrer to the first, second and third counts of the declaration should have been sustained, because neither of those counts state a good cause of action, and for the further reason that the second count fails to allege that the defendant did not remove the bales within a reasonable time.

The averments of the declaration, in this case, we think, state with sufficient clearness the tort for which redress is here sought to constitute a good cause of action in a suit for negligence.

In *Maenner* v. *Carroll,* 46 Md. 212, the rule is held to be this. To constitute a good cause of action, in a case of negligence, there should be stated a right on the part of the plaintiff, a duty on the part of the defendants in respect to that right and a breach of that duty by the defendants, whereby the plaintiff has suffered.

In *Phil., B. & W. R. Co.* v. *Allen,* 102 Md. 113, it was held, that the dry allegation of the fact, without detailing a variety of minute circumstances which constituted the evidence of it was sufficient. As only the facts constituting the cause of action need be stated, it is a cardinal rule that they must be averred or set forth with certainty, by which term is signified a clear and distinct statement of them so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations and by the Court who are to give judgment. 1 *Chitty's Pleading,* 8 Am. Ed., pages 225 and 233; *Gent* v. *Cole,* 38 Md. 110; *Havre de Grace* v. *Fletcher,* 112 Md. 569.

. Tested by the rules announced by these cases, the declaration in the case at bar is free from the objections urged against it, and the demurrers, therefore, were properly overruled by the Court below.

At the trial of the case, the defendant reserved seven (7) bills of exceptions. One to the ruling of the Court upon the prayers, that is, to the granting of the plaintiff's first,

second, third, fourth and fifth prayers, and to the rejection
of the defendant's second, fourth, seventh and eighth prayers.
The defendant's first, third, fifth and sixth prayers, were
granted.

The remaining bills of exception were taken in the course
of the trial to the rulng of the Court, and relate to the admis-
sibility of the evidence.

The plaintiff's first, second, third and fourth prayers
announce substantially the same legal proposition. The first
prayer, as offered, applied to the whole declaration, and the
second, third and fourth prayers had reference in terms, to
the several counts of the declaration, and were simply an
unnecessary separation of the correct proposition of law,
applicable to the case, as contained in the first prayer. While
the presentation of the same legal proposition in different
prayers is a practice, not to be commended or to be sanctioned
because tending to confuse and to mislead the jury, but in
this case, the second, third and fourth prayers respectively
referred in terms to separate counts of the declaration and
are not open to the objection in this respect. It is difficult to
see how they could have misled or confused the jury, upon
the proposition of law stated by them.

The fifth instruction granted at the instance of the plain-
tiff correctly stated the rule as to the measure of damages,
and has been approved by this Court, in the form as granted.

The plaintiff's prayers and the defendant's granted pray-
ers, fairly submitted the law of the case, and have been
repeatedly sustained in this Court.

The defendant's second prayer presented an erroneous
proposition of law upon contributory negligence upon the
facts of the case and was properly refused by the Court. It
not only disregarded material facts of the case, but excluded
altogether from the consideration of the jury the negligence
*vel non* of the defendant. It told the jury in effect that if
the mules driven by the plaintiff were roadworthy and easily
controllable, that the driver was skillful and careful, that
the vehicle and harness were sufficient and in good repair,

that nevertheless the plaintiff in this case can not recover
if they shall further find that the said plaintiff might have
prevented the injury by the exercise of reasonable care and
caution.

The law, however, upon this subject was fully and cor-
rectly stated, and was covered by the defendant's fifth and
sixth instructions and the defendant was not injured by the
rejection of this prayer.

The rejection of the defendant's fourth, seventh and eighth
prayers, although excepted to, no reasons are stated against
the rulings of the Court thereon in this Court or in the
appellant's brief. They will not therefore be considered fur-
ther by us, than to say, they were properly refused and could
not have been granted by the Court, as presented.

There were six bills of exception upon the admissibility of
testimony taken at the trial on the part of the appellant.

The question raised by the first bill of exception relates to
the admissibility of the declaration of Leroy Reynolds, the
driver of the team of the loaded wagon testified to by the
witness Calvin Reynolds. There was evidence that the
driver was the agent and employee, of the defendant, and
that the admission and declaration was made to the witness,
as to the loading of the wagon and while on the public road,
near where the accident occurred and on the day of the acci-
dent, and just prior thereto.

It is a well settled principle, that declarations, statements
and admissions of an agent made in the course of his employ-
ment and within the scope of his authority are binding on
the principal, and where the agency is sufficiently established,
they may be given in evidence against the principal, as part
of the *res gestae.* 1 *Greenleaf Evidence,* sec. 113; *Story on
Agency,* sec. 135; *Farmers Packing Co.* v. *Brown,* 87 Md.
12; *Thomas* v. *Sternheimer,* 29 Md. 268; *Bank* v. *Steam
Nav. Co.,* 11 G. & J. 29; *Rowland* v. *Long,* 45 Md. 439.

The declaration of the employee, as the driver of the wagon
and the servant of the appellant, was made at the time of
the transaction, and prior to the accident, and constituted a

part of the *res gestae,* and the Court committed no error in holding that the declaration and admission of the employee under the facts of the case was admissible in evidence to establish the liability of the master for the tort of the servant. *Consolidated R. R. Co.* v. *Pierce,* 89 Md. 495; *Evans* v. *Davidson,* 53 Md. 245.

In the second and third exceptions the defendant proposed to prove by the witness Amos Ailes, how mules would act under certain conditions, and asked the witness the following questions: 1st. Have you ever observed the conduct of mules when approaching some object that is calculated to frighten them? 2nd. In your twenty years experience with mules did you ever observe a mule or mules frighten at an object, if yea, did the mules shy or what was their conduct under the circumstances? The Court below refused to permit these questions to be put and answered.

This is not a case for the admission of expert testimony, even if the proper foundation had been laid for the introduction of such evidence, which does not appear to have been done here.

In *Turnpike Co.* v. *Leonhardt,* 66 Md. 70, it is said: Where the question can be decided by such experience and knowledge as are ordinarily found in the common business of life, the jury are competent to draw the proper inferences from the facts without hearing the opinions of witnesses. In such case the facts themselves must be given in evidence and the conclusions or inferences must be drawn by the jury. *Anne Arundel Co.* v. *Stansbury,* 107 Md. 216; *Stumore* v. *Shaw,* 68 Md. 11; *Turnpike Co.* v. *Cassell,* 66 Md. 419; *Bank* v. *Manion,* 87 Md. 80; *Balto. Elevator Co.* v. *Neal,* 65 Md. 457. The opinion of the witness as to the conduct of mules when frightened was not admissible, and there was no error in the rulings of the Court on these exceptions.

The appellant's fourth, fifth and sixth exceptions present substantially the same question, and will be considered together. A consideration of one, will dispose also of the others.

The witness Leroy Reynolds had been called by the plaintiff, as a witness, examined and dismissed. He was subsequently in the course of the trial called by the defendant and examined as defendant's witness and upon cross-examination by the plaintiff's attorney, he was asked the following question:   Q. But I ask you what is your duty in regards to the bales of paper that fall off?   A. I get them if the boss sends me after them.

It is objected, that this was not a proper cross-examination, as the witness had not testified in chief as to the matter here inquired into and the Court committed an error in overruling the objection and permitting the question to be asked and answered.

Conceding, that the appellant is right in this contention, it is difficult to perceive in what way his case was prejudiced by the testimony. It could only be regarded as harmless error, and being such, could not avail him on this appeal. There must be both error and injury to justify a reversal.

It follows from what we have said, that the appellant was in no way prejudiced by the rulings of the Court below, and finding no reversible error, on any of the rulings, the judgment will be affirmed.

*Judgment affirmed, with costs.*