## STATE OF MARYLAND, USE OF MARY JETER ET AL. *vs.* SCHWIND QUARRY COMPANY.

*Pleading—Sufficiency of Declaration in Action of Negligence.*

The declaration in an action of tort should state the acts complained of and the manner in which they injured the plaintiff with a reasonable degree of certainty, so as to apprise the defendant of the nature of the claim made against him.

A declaration to recover damages for negligence causing the death of the father of the plaintiffs alleged that he was employed as a stone cutter

in defendant company's quarry, that it was the duty of the defendant to provide him with a reasonably safe place in which, and reasonably safe tools with which to work, and to employ competent co-employees and to promulgate rules for their government, and to refrain from exposing plaintiffs' father to unnecessary risk ; that he was directed by one of defendant's employees having authority over him to extract a charge of blasting powder from a hole in a rock for which work he was not skilled or employed and the danger of which he was ignorant and unwarned, and in the execution of which he was killed; and that his said death was due to the negligence of the defendant in the discharge of its aforesaid duties to him.  *Held*, that a demurrer to this declaration was properly sustained since it does not specify in what manner defendant's negligence caused the injury complained of, or the nature of the danger against which the party should have been warned, but makes a general averment of the defendant's neglect of every duty imposed by law; and it also shows that the alleged negligence, even if the cause of the death, was the negligence of a fellow servant.

Appeal from the Superior Court of Baltimore City (PHELPS, J).

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*Ward P. Littig* (with whom were *Joseph C. France* and *E. W. Brewington* on the brief), for the appellant.

*William L. Marbury* (with whom was *R. B. Tippett* on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

This appeal is taken from a ruling of the Superior Court of Baltimore City sustaining a demurrer to a declaration, the substance of which is as follows: "For that the defendant corporation at the time of the commission of the wrong and injury hereinafter mentioned, was operating a stone quarry in the city of Baltimore, and Edward Jeter, the husband and father of the equitable plaintiffs was employed by it as a stone cutter. And it was the duty of the defendant corporation to provide the said Jeter with a reasonably safe and proper place in which to work, and with reasonably safe and proper tools with which to work, and to employ reasonably competent co-employees, and to promulgate rules for their government, and to refrain

from exposing the said Jeter to unnecessary risk and danger while at work.    And the plaintiff in fact says that on the day and date mentioned, the said Jeter was directed by one of the employees of said corporation, then and there in command of said quarry, and having authority over him, to extract *a charge of blasting powder theretofore placed in a hole drilled in a rock in said quarry, for which work the said Jeter was not skilled, fitted, or employed, and of the danger of which he was ignorant and unwarned, and in the execution of which he was killed.* And the plaintiff further says that the death of the said Jeter was directly due to the negligence of the defendant corporation in discharge of its aforesaid duties toward him, to wit, the duties to provide him with a reasonably safe and proper place in which to work, and with reasonably safe and proper tools with which to work, and to employ competent co-employees, and to promulgate rules for their government, and to refrain from exposing him to unnecessary risk and danger whilst at work, and that the said Jeter used due care, but the defendant corporation did not use due care.    And by the reason of the killing of said Jeter, the equitable plaintiffs were deprived of his support; and the plaintiff claims $5,000 damages."    The plaintiff declining to amend the declaration after the ruling on the demurrer, judgment for costs was entered for defendant.

Mr. Poe, in section 562 of his work on Pleading, speaking of the degree of precision required in pleading, says :    " The declaration should always describe the contract for the breach of which the suit is instituted, or the tort for which redress is sought, with such reasonable degree of certainty as will give fair notice to the defendant of the character of the claim or demand made against him, so as to enable him to prepare for his defense ;" and in *Gent* v. *Cole*, 38 Md. 110, this Court said : " It is one of the first principles of pleading *that facts should be stated* for the purpose of informing the Court, whose duty it is to declare the *law* arising upon those facts, and to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it."    Tested

by these principles, we think, as was said by JUDGE ALVEY in the case just cited, that "the statement of the tortious acts complained of, and the manner in which they effected the injury to the equitable plaintiffs, are altogether too general and indefinite to be good on demurrer." After stating the employment of the deceased by the defendant, and his relation to the equitable plaintiffs, the declaration sets out in the first part, the several alleged duties of the defendant to the deceased, and in the latter part charges that the death was directly due to the negligence of the defendant in the discharge of these duties, reciting them again in the most vague and general terms, and charging the death to be due, not to the neglect of any one of these duties, but to the neglect of all combined. The intervening part of the declaration will be referred to later, but passing that for the present, we think it is plain, that without that intervening part, the declaration is not sufficient in law. The defendant is not told what specific duty is claimed to have been neglected, but is required to meet a charge of general misconduct in the alleged neglect of every duty imposed upon it by the law. Not only so, but there is no averment of the manner in which any one of these duties have been violated. It does not specify in what respect the place provided for work was unsafe, or how the want of safety caused the death; it does not specify what tools provided for work were unsafe, in what respect they were unsafe, or how their unsafe condition was connected with the accident; it does not state what co-employees were incompetent, or how their incompetency contributed to cause the death of the deceased. It does not show what rules should have been promulgated for the government of employees, or how the failure to promulgate them is connected with the accident, nor does it state what was the risk and danger to which the deceased was unnecessarily exposed while at work.

Such a lumping aggregation of general charges of neglect of duty, without a single specification upon which to prepare a defense cannot be regarded as gratifying the fundamental principles of pleading which are still recognized and enforced

in our simplified system, as we have recently had occasion to observe in *Edger* v. *Burke*, reported in 96 Md. 715.

In *Waldhier* v. *Hannibal, &c., R. Co.*, 71 Mo. 514, a petition by an employee stating, without any specific facts, that plaintiff was injured in consequence of the negligence of a railroad company in using defective machinery, and in running and managing its railroad and cars, was held fatally defective; the Court saying : "We may well ask what is the cause of action ?"   So in *Smead* v. *Lake Shore Railway*, 58 Mich. 200, where the negligence alleged was the failure to provide a sufficient cattle-guard, it was said : "Certainly the violation of, or neglect to perform some specific and well defined duty must be shown before any liability is incurred, *and good pleading requires that this should appear in the declaration.* The plaintiff utterly fails to point out any specific defect, but contents himself with relying upon the allegations of general insufficiency."

That these principles of the common law, as applicable to the case before us, have been retained in our own code system will be seen upon reference to Art. 75, sec. 23, sub-section 36, where a form is given for a declaration claiming damages for personal injuries to a passenger on a railroad due to negligence of the railroad company.   It will be observed that it does not permit the averment in general terms that the defendant failed to provide safe machinery or conveyances but requires some specific defect to be pointed out, such as the insufficiency of an axle of the car in which the plaintiff was riding, and in a note to that sub-section, states that this form may be varied so as to adapt it to other cases, "by *changing* the allegation as to the cause of the accident."

The only statement of any specific facts in this declaration is found in that part which is hereinbefore transcribed in italics. This italicised passage intervenes between those parts of the declaration which we have already considered and is in nowise aided by them.   Its sufficiency therefore may be considered as if the preceding and succeeding parts of the declaration, so far as they relate to the cause of death, had been wholly

omitted, and when analyzed it will be found scarcely less gen-
eral and vague.

It does not state what was the nature of the danger, against
which he should have been warned.   It does not charge that
it was unknown to the servant, or not open and obvious to
ordinary observation, and therefore one against which it was
the master's duty to warn the servant.   There is no averment
that his death was caused by his want of skill for the work he
was directed to perform, or by the failure to warn him of the
danger.   There is in fact no statement whatever of any cause
of his death, but a mere averment that he was killed in the
execution of the work.

If the danger was open and obvious, the servant, being an
intelligent adult, is held to have assumed the risk, the rule not
requiring instruction and warning as to dangers which can be
seen by common observation.   2 *Bailey's Personal Injuries Re-
lating to Master and Servant*, sec. 2730.   He may have been
unskilled and unfitted for this work, and yet the accident may
have happened from a cause which would have been equally
fatal to the most skilled and experienced workman, or from
one against which any instructions or warning would have
been futile to protect him.   Every fact alleged in the language
we are now considering may be true, and yet there might be
no right of action against the defendant.   There was no right
of action unless the death was directly due to some tortious
act of the defendant, and upon demurrer, both some such spe-
cific act, and its causal collection with the injury complained
of, must clearly appear in the declaration.

But another fatal objection to the declaration is that it shows
the alleged negligence, even if the cause of the death, was the
negligence of a fellow servant. It expressly states that he was
ordered to do this work by "one of the employees of the cor-
poration," though it adds that he "was in command of the
quarry, and had authority over him."   But it is said in 2
*Bailey's Personal Injuries*, sec. 2106, that "it makes no differ-
ence that the offending servant is a servant of superior author-
ity, unless such superior servant rises to the grade of *alter ego*
of the principal.

And in *Yates* v. *McCullough Iron Company*, 69 Md. 384, this Court said, "nor is the liability of a master enlarged or made different by the fact that the servant who has suffered the injury, occupied a grade in the common service, inferior to that of the servant whose misconduct caused the injury complained of." If this be a correct principle to be applied to rulings upon prayers framed upon the evidence, it must be equally correct when applied to the sufficiency of a declaration *like the present*, which upon its face attributes the injury to the negligence of a fellow servant. He might have charged that he was directed by the president of the corporation, or by some one bearing to the corporation the relation of vice-principal, to extract the charge of powder, but he has chosen to allege that he was so directed by one of its employees. He had thus alleged that the cause of his injury was the negligence of a fellow servant, without stating any fact which could take the case out of the rule exempting the master from liability for such negligence. In other words he has stated a cause of injury for which the master is not liable, and if so his declaration is bad on demurrer.

The appellant relies in this aspect of the case upon the case of the *East Brooklyn Box Co.* v. *Nudling*, decided in this Court at the last January term, 96 Md. 390, where there was a demurrer to a declaration on the ground that it showed the plaintiff was guilty of contributory negligence, in which case we said, "Where the declaration clearly shows the plaintiff was guilty of contributory negligence advantage may be taken by demurrer," but we sustained that declaration, because it did not clearly appear there was contributory negligence.

Here however the averment is clear and emphatic that the negligence complained of was that of a fellow servant.

> *Judgment affirmed with costs to the appellee above and below.*

(Decided June 30th, 1903.)