JOHN PHELPS, JR., by John Phelps, His Father and Next Friend, *vs.* THE BOARD OF COUNTY COMMISSIONERS OF HOWARD COUNTY and THE POSTAL TELEGRAPH CABLE COMPANY.

*Public highways: telegraph companies; telegraph poles; injuries to traveling public, negligence; damages; party seated on projecting board of hay wagon; driving on wrong side of road.*

In an action of damages for injuries claimed to have been received owing to the negligence of the defendant, the general characterization in the declaration of an act or omission as negligent, or of a condition as unsafe, is not usually a sufficient statement of the supposed ground of liability.     p. 177

A reasonable degree of certainty is required in such allegations in order that the defendant may be fully appraised of the nature of the charge against him and may be thus enabled to prepare for his defense.     p. 178

The plaintiff while riding at night on the "lazy board" of a hay wagon was struck and severely injured on the leg by a telegraph pole placed in the road so near the travelled portion as to strike against the projecting board of the hay wagon. The declaration alleged that the telegraph pole was negligently placed at a point on the public road where it was dangerous to the public travel. *Held,* that the charge was not too indefinite as to the existence of an unsafe condition.     p. 178

To erect and maintain a telegraph pole in the untraveled portion of a public highway may not be regarded in all cases as an unreasonable interference with the rights of the public, yet it can not under all circumstances be done with impunity.     p. 179

A declaration can not be required to contain more than a plain statement of the facts necessary to constitute a ground of action.        p. 179

Where an unsafe condition may be due to one of several causes, it is necessary that the special causes intended to be relied upon should be stated; but where the allegation clearly indicates the exact danger to which the plaintiff attributed his injury there can be no reasonable ground upon which to demand further particularity.        pp. 178-179

The mere fact that the team was being driven on the left side of the road, and that the accident would not have happened had the team been driven upon the right-hand side of the road, does not raise a conclusive presumption of negligence on the part of those who controlled its movements.        p. 181

*Decided January 9th, 1912.*

Appeal from the Court of Common Pleas of Baltimore City.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Edward M. Hammond* (with whom was *Martin F. Burke* on the brief), for the appellant.

*C. Baker Clotworthy* and *Watson E. Sherwood* (with a brief by *Lemmon & Clotworthy* and *Joseph I. Donovan*), for the appellees.

URNER, J., delivered the opinion of the Court.

By the declaration in this case it is charged that the Postal Telegraph and Cable Company, one of the defendants, with the permission of the County Commissioners of Howard County, the other defendant, and contrary to the duty of the defendants to keep the public roads of the county in a safe condition for public travel, erected a telegraph pole in a dangerous position in a designated public road of the county by

placing the pole in the side of the highway and so close to
the traveled portion thereof that the part of a hay carriage,
known as the lazy board, which extends out from the center
of the carriage about two feet beyond its "tread," would
collide with the pole while the wagon was in the traveled por-
tion of the road. It is alleged that the thoroughfare was thus
negligently suffered and caused to become unsafe, and that
the plaintiff while engaged in his daily avocation as a team-
ster, was riding on the lazy board of his wagon at night and,
while exercising due care and caution, and while the wagon
was traveling on the highway, being drawn by five horses,
and while the driver of the team was using due care and cau-
tion, the night being misty and extremely dark, the lazy
board collided with the telegraph pole previously mentioned
and the plaintiff's leg was caught between the pole and the
lazy board and crushed so that it had to be amputated at the
knee, whereby he was seriously and permanently injured.

A demurrer to this declaration was filed and sustained in
the Court of Common Pleas of Baltimore City to which the
case had been removed from the Circuit Court for Howard
County where the suit originated. This appeal has been
taken from a judgment upon the demurrer in favor of the
defendants.

The first objection urged against the declaration is that it
is defective in not stating with sufficient particularity the
negligence with which the defendants are sought to be
charged. It is argued that a telegraph pole located as describ-
ed is not necessarily and invariable dangerous to public travel,
and it is insisted that the declaration should have contained
averments showing in what way and on account of what
peculiar conditions the danger existed.

The rule is well established that the general characteriza-
tion of an act or omission as negligent or of a condition as
unsafe is not usually a sufficient statement of the supposed
ground of liability. In *Anne Arundel County* v. *Carr,* 111
Md. 148, the averment was that the defendant negligently
allowed a bridge on one of the public roads of the county

to be out of repair and unsafe for use, and that in conse-
quence the plantiff's horse broke through the bridge and the
plaintiff was injured. The declaration was held to be de-
murrable because it did, "not specifically state the negli-
gence complained of, that is to say, in what respect the
bridge was out of repair or unsafe." As the Court observed:
"It may have been out of repair and unsafe by reason of
faulty construction, broken or decayed timbers or planks, or
other conditions, and the defendant was entitled to know
the particular negligence for which the plaintiff sought to
hold it responsible." A reasonable degree of certainty is
required in such allegation in order that the defendant may
be fully apprised of the nature of the charge against him and
may be thus enabled to prepare for his defence. *Poe's Pl.
and Prac.*, Vol. 1, sec. 562; *Gent* v. *Cole*, 38 Md. 110; *Jeter
v. Schwind Quarry Co.*, 97 Md. 699.

In this case it is alleged, and the demurrer admits, that
the telegraph pole with which the plaintiff collided was neg-
ligently placed at a point on the public road where it was
dangerous to public travel. The charge is not an indefinite
one as to the existence of an unsafe condition. There is a
distinct allegation that a designated object was negligently
placed in a described position on a specified highway, and
that being so located it was in fact a source of danger by
reason of its close proximity to the traveled portion of the
road. Such an averment can leave the defendants in no possi-
ble doubt as to the nature of the charge with which they are
confronted. They are fairly and fully informed that the
issue they are to meet is whether the pole mentioned in the
declaration is in such a position on the highway as to unduly
jeopardize the safety of travelers by exposing them unnec-
essarily to the risk of collision.

Under our statute a declaration can not be required to
contain more than "a plain statement of the facts necessary
to constitute a ground of action." *Code*, Art. 75, sec. 3. Where
an unsafe condition may be due to one of several causes it
is, of course, necessary that the specific cause intended to be

relied upon should be stated; but where the allegations clearly
indicate the exact danger to which the plaintiff attributes
his injury, there can be no reasonable ground upon which
to demand further particularity.    The Code provides, for
the class of cases to which it is appropriate, the following
form of declaration: "That the defendant is an incorporated
city, and is bound to keep its streets in repair; that one of
its streets, called ——————— street, was negligently suf-
ferd by the defendant to be out of repair, whereby the plain-
tiff in traveling on said street and using due care was hurt."
Art. 75, sec. 24, sub-sec. 37.    In such a case the defendant
corporation is not left to conjecture as to the character of the
negligence with which it is charged. . It is plainly sought to
be held responsible for an injury resulting from a defect in
the surface of a designated street.    In the present case the
averment is no less specific when it charges that the road was
unsafe by reason of the danger of collision to which persons
using it were subjected on account of the presence of a tele-
graph pole in close proximity to the traveled way.

The issue thus presented is essentially one of fact, and as
such it must be determined upon a consideration of the evi-
dence, when adduced, showing the dimensions, conformation
and established use of the roadway.    There may be condi-
tions under which the erection and maintenance of a tele-
graph pole as near as the one in question to the traveled por-
tion of a highway would not be regarded as an unreasonable
interference with the rights of the public.    But it could not
be held, as a matter of law, that such an object could under
all circumstances be so located with impunity.

In *Roth* v. *Highway Commission of Baltimore County,*
115 Md. 469, this Court held it to be a question of fact
for the jury to determine whether under all the conditions
shown in the case there was negligence on the part of the
defendant in leaving ungarded the edge of a culvert and
embankment between which and the traveled way there was
a space estimated to be from one to four feet in width cov-
ered with vines and bushes; and the same principle was

applied in *Little* v. *Central Tel. Co.*, 213 Pa. 229 (62 Atl. 848), where a young woman who was riding with others on a hay wagon with her feet extending over the side was struck by a telephone pole at the margin of the road. In the latter case a recovery against the defendant company was sustained because there was found to be legally sufficient evidence to show that the pole was placed on the traveled portion of the road *or in such close proximity to it as to* endanger the safety of persons using the highway.

The defendant telegraph company in the present case was authorized, under a general statutory provision (*Code*, Art. 23, sec. 324), to construct its line along and upon the highways of the State, by the erection of the necessary fixtures, provided they "shall not be so constructed as to incommode injuriously the public use" of the roads, or interfere with the convenience of any landowner more than is avoidable. It is contended, in view of this enactment, that the defendant company was in the exercise of a lawful right in locating its pole on the roadway, and that so long as the pole was not placed within the limits of the traveled or prepared way, and did not narrow or restrict the space thus defined, it could not be said to incommode the public use. The same question was raised in *Little* v. *Central Tel. Co.*, *supra*, and it was held, under a similar statute, that if a pole is erected so near the beaten track as to endanger the safety of travelers, it must be regarded as incommoding the public in the use of the road. This view is in accord with our own conclusion and is manifestly reasonable and just.

It is objected further that the declaration shows affirmatively that the defendant was guilty of contributory negligence, and this is urged as a separate ground of demurrer. The theory of this objection is that the plaintiff, upon his own showing, was not using the highway at the time of the accident in the usual and ordinary way and was not observing due care under all the circumstances. It is argued that as the lazy board customarily projects from the left side of the wagon, the plaintiff's team at the time he was injured must

have been on the side of the road where he was not entitled to drive. The declaration, however, alleges that the plaintiff and the driver of the team were both exercising due care and caution at the time of the injury, and as we are unwilling to hold that the presence of a team on the left side of a road raises a conclusive presumption of negligence on the part of those who control its movements, we must decline to sustain this objection.

In the argument of the case there was a very full and able discussion of the question of liability for injuries resulting from obstructions upon or near the course of travel on public highways. We have not found it necessary for the purposes of this decision to enter into a consideration of this general subject. The precise and single question before us for decision is concerned with the sufficiency of the declaration, and to that issue our present ruling is confined. In our opinion the demurrer should have been overruled.

*Judgment reversed, with costs and new trial awarded.*