BENJAMIN FRISCH ᴇᴛ ᴀʟ. *v.* MAYOR AND CITY
COUNCIL OF BALTIMORE ᴇᴛ ᴀʟ.

[No. 67, October Term, 1928.]

*Decided January 17th, 1929.*

311

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Abram C. Joseph,* with whom were *Daniel C. Joseph* and *Herman F. Levy* on the brief, for the appellants.

*Paul Berman, Assistant City Solicitor,* with whom was *A. Walter Kraus, City Solicitor,* on the brief, for the Mayor and City Council of Baltimore, appellee.

*Walter C. Mylander,* with whom was *Nathan Patz* on the brief, for A. Bernard Chancellor, Trustee, appellee.

Urner, J., delivered the opinion of the Court.

In the amended declaration held demurrable in this case the plaintiffs alleged that, on or about the 10th day of November, 1923, they "were tenants in lawful possession of a part of the premises known as No. 420 W. Lexington Street, in the City of Baltimore, to wit, the first floor and basement, their landlords being the defendants other than the Mayor and City Council," and "that on or about the day and date aforesaid the premises of said plaintiffs were flooded with water as a result of the breaking and bursting of certain water pipes in the alley to the rear of said premises, said water pipes being designed and used for the purpose of supplying water to the entire building and premises, whereby the stock merchandise of said plaintiffs was ruined and damaged," and "that all the loss, injury and damage aforesaid was caused by the negligence and want of care of said defendants and each of them, in the installation, maintenance, and failure to repair said water pipes, and through no fault upon the part of the plaintiffs thereunto directly contributing." Upon sustaining demurrers to the declaration, the Court of Common Pleas entered judgment in favor of the defendants for costs. The appeal is from that judgment.

The ruling on the demurrers was correct, as the declaration was deficient in its statement of grounds upon which liability could be legally charged against either the lessors or the municipality named as defendants. There is no allegation as to the ownership and control of the water pipes which burst with resulting damage to the plaintiffs' goods in the leased premises. It is not stated whether the alley in which the pipes were located is a private way of the lessors or a public thoroughfare of the city. The existence of a duty on the part of the respective defendants in regard to the pipes is not alleged. If these omissions could be disregarded, the declaration would still be subject to the criticism that it is not sufficiently specific in its allegation of negligence. The averment that the defendants were negligent "in the installation, maintenance and failure to repair" the pipes did not apprise them of the particular charge of neglect which they would be required to meet at the trial. It is clear that the declaration could not be held good on demurrer consistently with principles which this court has definitely approved. *Phelps v. Howard County,* 117 Md. 175; *Neighbors v. Leatherman,* 116 Md. 484; *Anne Arundel County v. Carr,* 111 Md. 148; *Jeter v. Schwind Quarry Co.,* 97 Md. 699; *Walker v. Marye,* 94 Md. 762; *Kennedy v. Cumberland,* 65 Md. 514.

The appellants suggest that, if this court affirms the ruling on the demurrers, the case should nevertheless be remanded with leave to amend the declaration. When the demurrers to the original declaration were sustained, leave to amend was granted, but the order sustaining the demurrers to the amended declaration did not reserve such a privilege. The record shows no request for an opportunity to make a further amendment. It was not stated in the argument on appeal in what respect the declaration could be amended in accordance with the facts, so as to overcome the objections which have been urged on demurrer. In *State, use of Lease, v. Bealmear,* 149 Md. 10, 15, where the appeal was from a judgment for the defendant on demurrer to his amended declaration, this court, in an opinion delivered by Judge Adkins, said: "But it is earnestly argued that the case should

be remanded in order to give appellant an opportunity to amend his *narr.*, the trial court having sustained the demurrer without leave to amend. In 2 *Poe, Pl. &Pr.*, sec. 190, it is said: 'It is now well settled that from the action of the lower court in granting an amendment in cases within their power, or in refusing to grant it, no appeal will lie.' And that statement is fully supported by a number of decisions of this court. It is true there was an intimation in *Sterling v. Bank of Crisfield*, 120 Md. 398, of a disposition to qualify that rule, and it may be that an arbitrary refusal to permit an amendment where the merits of the case seem to require it, would not be sustained on appeal. But it must have seemed apparent to the judge who tried this case that no amendment could be effective, after the second attempt. It does not appear that any application was made for leave to amend. In the absence of such application, we do not think the appellant is in a position to ask for a reversal on the ground that an opportunity to amend was withheld." In *Bracey v. McGary*, 134 Md. 273, it is said that only in the event of a great abuse of the lower court's discretion in regard to the allowance of amendments would its action be reviewed. There is nothing in the record before us to indicate such an abuse of discretion.

<em>Judgment affirmed, with costs.</em>