CALVIN PARSONS, ET AL. *v.* CHESAPEAKE &
POTOMAC TELEPHONE COMPANY
OF BALTIMORE CITY

[No. 50, January Term, 1943.]

*Decided March 16, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*J. Harry Cross* for the appellants.

*T. Hughlett Henry,* with whom was *John Palmer Smith* on the brief, for the appellee.

MELVIN, J., delivered the opinion of the Court.

The appellant, Calvin Parsons, was the operator of an automobile which collided with a telephone pole of the appellee corporation along a State highway in Queen Anne's County, Maryland. The appellant, Catherine Mohan, was a passenger in said car, and both parties brought suit against the appellee for damages, alleging negligence in constructing and maintaining said telephone pole in a dangerous position in said road. The court sustained appellee's demurrer to the declaration in each of said cases, and from the judgments of *non pros* and for costs each of said parties has appealed. By stipulation of counsel the two appeals are consolidated in one record.

The single question before the court concerns the sufficiency of the declarations, the substantial allegations of both being identical. These allegations are: That on

September 13, 1941, the appellant (Parsons) was driving his automobile on State Highway U. S. Route No. 213, a public road in Queen Anne's County, Maryland; that said highway had been negligently "suffered by the defendant to become unsafe in that the defendant did construct and maintain a telephone pole in a dangerous position in said road, by placing said pole in the side of said road within but a few feet of the travelling portion thereof, in a ditch which started with an abrupt side at the very edge of said travelling portion, there being no shoulder whatever to said road between said edge and said ditch side, weeds being in said ditch and of a height and appearance creating the illusion of level ground adjoining said travelling portion, a ridge being in said travelling portion paralleling and near the said edge, said pole being out of line with the defendant's other poles nearby along the same side of said road and much closer to the travelling portion than the poles on the opposite side of said road"; that on the aforesaid date, while the plaintiff was thus driving his automobile along said road, "the said automobile went off of the said travelling portion and instantly down the abrupt side of said ditch and into said ditch which forcibly guided said automobile into said pole." The declaration of the other plaintiff (appellant Catherine Mohan) contains the identical allegations above quoted, the only difference being that her suit was as a passenger in said automobile.

The question of law which first arises upon the demurrer to said declarations is whether or not the alleged dangerous position of appellee's pole was, as alleged in each *narr*, the proximate cause of the injuries. It is to be noted at once that the automobile had left the travelled portion of the road, that in so doing it first encountered a ditch which started "with an abrupt side at the very edge of said travelling portion," and instantly went down the abrupt side of said ditch "and into said ditch which forcibly guided said automobile" into appellee's pole. It is also to be noted that the bill alleges

that said automobile "went off of the said travelling portion" without mentioning the cause of this divergence from the highway.

It is apparent from these allegations of the *narr* that the condition of the State highway, including that part under the immediate jurisdiction of the State Roads Commission, had a direct connection with the happening of the accident. It is also apparent that this condition of the highway was an independent factor which intervened as the superseding cause of the injuries complained of. Under the facts as alleged, it would have made no difference whether appellee's pole was two or three feet, or more, from the roadway because it was the ditch "which forcibly guided said automobile into said pole." This factual situation renders applicable the doctrine of proximate cause, as clearly defined by the authorities.

This was expressed as follows by Judge Offutt in *Holler v. Lowery,* 175 Md. 149, 161, 200 A. 353, 358: "There is no mystery in the doctrine of proximate cause. It rests upon common sense rather than legal formula. Expressed in the simplest terms it means that negligence is not actionable unless it, without the intervention of any independent factor causes the harm complained of. * * * In the statement of the doctrine an intervening cause means not a concurrent and contributing cause, but a superseding cause, which is itself the natural and logical cause of the harm." *A. L. I. Restatement of Law of Negligence,* Secs. 440, 441 and 447.

It is also elementary that it is not sufficient to show that the defendant was negligent, but facts must be stated showing that said negligence was the direct and proximate cause of the injury. *City Cab Co. v. Becker,* 165 Md. 32, 166 A. 434; *Shafer v. State, Etc.,* 171 Md. 506, 189 A. 273; *Baltimore Transit Co. v. Bramble,* 175 Md. 334, 2 A. 2d 416; *Mayor & C. of Hagerstown v. Foltz,* 133 Md. 52, 104 A. 267; *United Rys. & El. Co. v. Perkins,* 152 Md. 105, 110, 136 A. 50; *Kelly v. Huber Packing Co.,* 145 Md. 321, 335, 125 A. 782.

It is not charged in the declaration here that there was any duty upon the appellee in maintaining the highway. The only allegation on this point is that the highway was not properly maintained and that because of the ditch, etc., the surroundings were dangerous. Inasmuch as the State Roads Commission is by statute made responsible for maintaining its highways, any breach of duty in that connection, as the efficient cause of the injuries, is, therefore, not chargeable to the appellee. In the absence of any such allegation the demurrers were properly sustained. *Jackson v. Pennsylvania R. R.*, 176 Md. 1, 5, 3 A. 2d 719.

As stated in appellant's brief, "the essence of the plaintiffs' cases is the dangerous position of the defendant's pole in relation to the motoring public's use of a public road, whereby the defendant, contrary to its duty, negligently suffered that road to become unsafe." In support of this point, appellants cite with much earnestness and as their main reliance the case of *Phelps v. Howard County and the Postal Telegraph Cable Co.*, 117 Md. 175, 82 A. 1058. From a comparison of the record and the decision in that case with the ones at bar, the distinctions between them are at once apparent.

In the first place, in the Phelps case the suit was against both the road and the pole authorities, and they were held jointly liable. There the declaration clearly indicated the exact danger to which the plaintiff attributed his injury, namely, the existence of the telegraph pole so near to the travelled portion of the road as to make it dangerous to public travel, and the said position of the pole was stated to be the direct and proximate cause of the injuries. In the declarations in the cases at bar the allegations show, contrary to the situation in the Phelps case, that it was not the position of the pole which was the direct and proximate cause of the injuries but that it was the condition of the ditch and roadside, for which the State Roads Commission was responsible.

A *prima facie* case of negligence was further made out in the Phelps case by the fact that the plaintiff was travelling within the confines of the road on a dark night, when the projecting board of his hay wagon came in collision with the pole because of its undue proximity. Here, the appellants' car was not on the traveled portion of the road, but without any explanation whatever being given in the *narr* as to why and how it happened, it is simply alleged that the car "went off" the travelled portion, then hit the ditch by which it was forcibly guided into the pole, which was said to have been within a "few feet" of the road itself.

The distinction between the two cases is too obvious to require further comment, and leaves the case at bar squarely within the doctrine of proximate cause, as above defined. *Holler v. Lowery, supra.*

*Judgment affirmed, with costs.*