BOHLEN *v*. GLENN L. MARTIN CO.

[No. 187, October Term, 1948.]

*Decided June 28, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Charles C. Lyons* for the appellant.

*Paul M. Higinbothom* and *Paul R. Kach*, with whom were *James C. L. Anderson* and *Edward W. Mogowski* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by J. Edward Bohlen, plaintiff, appellant, from a judgment of *non pros* entered against him and in favor of the defendant, appellee, the Glenn L. Martin Company, (Martin).

The plaintiff had previously made a claim for workmen's compensation before the State Industrial Accident Commission of Maryland (the Commission) against Williams Brothers Construction Company (Williams), employer, for injuries hereinafter mentioned. His claim was disallowed by the Commission whereupon he appealed to the Circuit Court for Baltimore County which reversed the action of the Commission. The employer and insurer then appealed to this Court, which affirmed the action of the Circuit Court for Baltimore County. See *Williams Construction Co. v. Bohlen*, 189 Md. 576, 56 A. 2d 694. The claimant was paid on May 20, 1948, the sum of $6,750.00 in final settlement of Williams' liability.

The instant case is brought under the provisions of Code, 1947 Supplement, Article 101, Section 59, which provides in part that, if damages are recovered in excess of the compensation already paid the employee by the employer, the excess shall be paid to the injured employee after reimbursement to the employer of all amounts paid by him.

For the purpose of this case the material allegations in the declaration in tort against Martin follow. Martin was engaged in the business of manufacturing airplanes. In the course of the conduct of this business it employed Williams to clean up a dump consisting of about five acres at its plant and property. By agreement or arrangements between the defendant and Williams "the dump aforesaid was to be cleared off by the removal therefrom of all debris." Certain articles subject to salvage, among which were empty or partially empty metal drums, were to be removed from the dump. The appellant was in the employ of Williams "in the capacity of a truck driver, general workman, and gang boss, whose duties were, among others, to drive a truck from the aforementioned dump to various designated places", with the salvage material. His duty was also to help destroy debris on the dump. On or about September 25, 1945, in the course of his employment and the exercise of his usual duties, he was directed, together with other employees of Williams, to haul certain metal drums to a designated place. Thereupon the appellant drove carefully on the dump and, together with other employees of Williams, was about to load the truck with some of the drums. At the same time other employees of Williams were engaged in burning grass and debris on the dump as a destruction method. One of the drums which was about to be loaded on the truck to be driven by the appellant, exploded without any warning to him and as a result he suffered severe and permanent injuries. These injuries are due to the negligence of the defendant, Martin, "its agents, servants or employees, for their failure, and negligent failure to provide him a safe place

in which to work, and for their failure, and negligent failure to warn him and other employees of The Williams Construction Company, of the possibility of the explosion of any of the metal drums mentioned aforesaid, if and when they were in close proximity of fire, although for many days the defendant, its agents, servants or employees had seen the plaintiff and other employees of The Williams Construction Company burning the debris aforesaid in the near proximity of the metal drums aforesaid, and without any negligence or want of due care on the part of the plaintiff thereunto contributing."

As a result of a demand for a bill of particulars, the following were made particulars of the declaration. Plaintiff had been working for Williams on the dump at irregular intervals for about six weeks before the explosion and for about three hours on the morning of the explosion. The drums had been on the dump for all the six weeks that appellant had worked there. The employees of Williams had been burning grass and debris on the dump at irregular intervals for about six weeks before the explosion. The drum was of a capacity of fifty-five gallons, black, with no printing or labeling thereon and the appellant does not know when the drum was placed on the dump or who placed it there. It was of no different character than other drums on the dump. A group of fellow employees were handling the drum at the time of the explosion. The appellant had handled or hauled approximately eighty to one hundred drums into the plant yard of the defendant, Martin, prior to the explosion.

To that declaration, a demurrer was filed by the appellee. The demurrer was sustained allowing the appellant fifteen days in which to file an amended declaration. For failure to amend, a judgment of *non pros* was entered in favor of the appellee and from that judgment appellant appeals. We are of opinion that the judgment was properly granted.

Although not argued in his brief, the appellant in his argument in this Court claims that the doctrine of *res*

*ipsa loquitur* is applicable here and that defendant is *prima facie* guilty of negligence and the burden is upon him to produce the proof of the facts which either he alone can prove or had the much better chance to know and power to prove. In order to establish this doctrine of *res ipsa loquitur,* one of the essential elements required is that the thing which is the proximate and natural cause of the injury is wholly in the possession and control of the one party or the other. The independent neglect of another as the efficient and proximate cause of the injury must be excluded. *Frenkil v. Johnson,* 175 Md. 592, 604, 3 A. 2d 479. In this declaration there is no allegation that the dump or the drum were wholly in the possession and control of Martin. In fact, the declaration on its face plainly shows that Williams had a contract to clear the dump and remove the drums and that the appellant was a "gang boss" on this work. The allegations of the declaration therefore plainly do not set out the necessary requirements for the doctrine of *res ipsa loquitur.* In this State liability for injuries to the employee of an independent contractor rests upon the owner when the premises on which the contracted work is done remain under his control and the injury arises out of the abnormally dangerous condition of the premises, the owner being chargeable with the knowledge of that danger. *Smith v. Benick,* 87 Md. 610, 614, 41 A. 56, 42 L. R. A. 277; *Weilbacher v. J. W. Putts Co.,* 123 Md. 249, 256, 91 A. 343, Ann. Cas. 1916C, 115; *Le Vonas v. Acme Paper Board Co.,* 184 Md. 16, 20, 40 A. 2d 43.

The theory of appellant's declaration is that the fire on the dump, set by Williams' employees, was the cause of the injury and that plaintiff was an invitee of Martin on the premises and Martin owed him the duty to warn him against the close proximity of the fire. The appellant relies on the case of *Pinehurst Company v. Phelps,* 163 Md. 68, 160 A. 736. It was pointed out in that case that there is no presumption of negligence on the part of the owner merely by showing that an injury has been sustained by one rightfully upon the premises. The

ground of liability is the owner's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It was said in that case at page 73 of 163 Md., at page 738 of 160 A.: "It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted."

The doctrine *res ipsa loquitur* is not a rule of pleading. It relates to burden of proof and sufficiency of evidence. When it is applicable, for example, between passenger and carrier in case of collision between two trains of the same railroad, the fact of the collision is evidence of negligence in the operation of the trains. The declaration must allege negligent operation causing the collision, not merely the evidence: to wit, the collision, from which negligent operation may be inferred.

In the case of *State v. Chesapeake & Potomac Telephone Company*, 162 Md. 572, 160 A. 437, also relied on by the appellant, the owner and operator of a telephone line entered into an agreement with a firm of contractors for alterations, improvements, and additions to the line. In the course of the work, required by the contract, one of the employees was killed in a fall from a pole. Suit was brought by the dependents of the deceased person against the owner of the telephone line. A demurrer was filed to the declaration. In sustaining the demurrer, it was said at page 577 of 162 Md., at page 439 of 160 A.: "There is no statement in the present declaration that the defendant employed any system of inspection upon which the lineman relied as an assurance that the pole was safe for his ascent. It is not charged that the defendant failed to warn the lineman of a defective and unsafe condition of which it was actually aware, the assertion being simply that the defendant knew or should have known, in the exercise of due care, that such a condition existed. Nor is there any explanation as to why the decay in the pole was not discoverable by the lineman in the exercise of due care, if the same degree of care would have re-

vealed it to an inspector. In these respects the declaration, in our opinion, is insufficient."

Likewise, in the instant case, there is no statement in the declaration that Martin knew the drum was dangerous and that the appellant and Williams did not have that knowledge. *Adams v. Carey*, 172 Md. 173, 186, 190 A. 815. There is no allegation that Martin employed any system of inspection on the dump upon which appellant could rely. Nor does the declaration state that Martin failed to warn the appellant or Williams of a defective and unsafe condition of which it was aware. Nor in the case before us is there any allegation as to why the explosive in the drum was not discoverable by the appellant, experienced in the handling of drums, in the exercise of due care. An employee in examining his location must use reasonable care to observe obvious dangers. In performing his work he must keep in mind the ordinary operation of familiar laws and so govern himself. *Le Vonas v. Acme Paper Board Co., supra.*

Although plaintiff's theory of the case is that the fire on the dump caused the explosion, there is no allegation in the declaration to that effect. *Hodges v. Baltimore Engine Co.*, 126 Md. 307, 316, 94 A. 1040, Ann. Cas. 1917C, 766. Fire by itself would not necessarily make a drum explode.

The appellant further contends that although Martin employed an independent contractor to do this work and although it escapes liability for the negligence of the contractor, it is nevertheless answerable for its own negligence, 27 Am. Jur., Independent Contractor, page 508, Section 30. However, in such a case it is necessary that the injury be caused by defendant's own negligence and not by the negligence of the independent contractor. There is no such allegation in the bill before us. There is no allegation that the drum was placed on the dump after Martin purchased the property. It is not alleged that Martin placed the drum there or that Martin did not inform Williams that the drum was dangerous. When an owner of land employs an independent contractor to

do work which of itself is not a nuisance or where the necessary or probable effect would not be to injure others, the employer is not liable for such negligence as is entirely collateral to, and not a probable consequence of the work for which the contract was made, *Smith v. Benick, supra.*

The mere happening of the injury does not impute negligence. The facts alleged in the declaration must show that plaintiff's injury was the proximate and natural result of some lack of care or diligence on the part of Martin. *Mayor & City Council of Hagerstown v. Foltz,* 133 Md. 52, 56, 104 A. 267; *Regent Realty Co. v. Ford,* 157 Md. 514, 146 A. 457; *Thompson v. Sun Cab Co.,* 170 Md. 299, 306, 184 A. 576; *Frenkil v. Johnson, supra.* Such facts are not alleged in the declaration. Recovery cannot be left to conjecture alone. There is no allegation here how the accident happened. There must be a causal connection between the facts alleged and the negligence claimed. *Jeter v. Schwind Quarry Co.,* 97 Md. 696, 699, 55 A. 366; *Thompson v. Sun Cab Co., supra; Chesapeake & Potomac Telephone Company v. Noblette,* 175 Md. 87, 93, 199 A. 832.

There are no allegations in this declaration that the fire would ordinarily cause an explosion; that the drum contained explosive material; that defendant had any knowledge of explosive material in the drum; or that the drum was dangerous. It is not alleged who put the drum on the dump or how long it had been there. Some third person may have placed it there. We are of opinion that the declaration does not allege facts to show that the injury in this case was the proximate and natural cause of any lack of care and diligence on the part of the appellee. The demurrer was properly sustained and, as the appellant cannot amend to make the required allegations, the *non pros* was properly granted.

*Judgment affirmed, with costs.*