# LIVINGSTON *v.* STEWART AND COMPANY, INC.
[No. 53, October Term, 1949.]

*Decided December 9, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Eugene A. Alexander, III,* with whom was *Leon Hoffman* on the brief, for the appellant.

*Talbot W. Banks,* with whom was *Thomas G. Andrew* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a judgment for defendant after a demurrer to the declaration, as limited by bill of particulars, had been sustained.

Defendant conducts a department store in Baltimore, where the public, including plaintiff, is invited to enter as a customer to inspect or purchase its goods and merchandise; on December 20, 1948 plaintiff, in response to defendant's implied invitation, entered the store for such purposes; while she was looking at various toys in the store, she was violently struck by a "two-wheel bicycle", the bicycle falling on plaintiff and pinning her leg against a show case or fixture in the store; the bicycle struck and fell upon plaintiff directly and solely as the result of the negligence, carelessness and recklessness on the part of defendant's agents who were in charge of the toy department, plaintiff's leg was most seriously injured and she suffered other injury; the accident and resultant injuries were caused solely through and by the carelessness, recklessness and negligence of the agents of defendant and through no fault on the part of plaintiff thereunto contributing. So the declaration alleges.

In answer to demand for particulars and to exception to plaintiff's original answer thereto, plaintiff says that the facts constituting recklessness, carelessness and negligence on the part of the agent, servant and employees of defendant are peculiarly within the knowledge of defendant, inasmuch as the instrumentality causing the injury complained of was within the control of and under the management and supervision of defendant, its agents, servants and employees.

In Maryland, by a long series of statutes dating back earlier than the Constitution of the United States and by rules of court in recent years, common law pleading and practice has been so simplified as to be rid of most of the cumbersome technical requirements at common law and to remain free from the brood of new niceties of code pleading. "Whatever facts are necessary to con-

stitute the ground of action * * * shall be stated in the pleading and nothing more; and facts only shall be stated and not arguments, or inferences, or matter of law or of evidence, or of which the court takes notice *ex officio.*" Code, Art. 75, sec. 2; Act of 1856, ch. 112, sec. 52. The requirement of "facts" and not "inferences" or "evidence" must include facts, *e.g.*, negligent conduct, and not merely circumstantial evidence from which the facts may be inferred. Even at common law, and especially in Maryland, no great particularization of facts and circumstances is necessary in stating a cause of action for negligence. Art. 75, sec. 28, sub-secs. (36, 37, 38); *Hearn v. Quillen,* 94 Md. 39, 41-42, 50 A. 402; *Phelps v. Howard County,* 117 Md. 175, 82 A. 1058; *Washington, B. & A. R. Co. v. Cross,* 142 Md. 500, 504-506, 121 A. 374. There must, however, be "certain and definite allegation of the circumstances" sufficient to show a duty owed by defendant to plaintiff and a breach by defendant of that duty, as well as resulting injury. *Jackson v. Pennsylvania Railroad Company,* 176 Md. 1, 5, 3 A. 2d 719, 721, 120 A. L. R. 1068. And "the general characterization of an act or omission as negligent or of a condition as unsafe is not usually a sufficient statement of the supposed ground of liability." *Phelps v. Howard County,* 117 Md. 175, 177, 82 A. 1058, 1059.

Manifestly the declaration in the instant case is not sufficient on demurrer. It contains only the argumentative conclusion that plaintiff's injuries were caused by defendant's negligence, but states no acts done or left undone by defendant which constitute negligence or a negligent manner of doing anything. It falls short of the statutory forms of declarations (*supra*) and the decisions of this Court. *Jeter v. Schwind Quarry Co.,* 97 Md. 696, 698, 55 A. 366; *Anne Arundel County Com'rs v. Carr,* 111 Md. 141, 144-145, 148-149, 73 A. 668; *Frisch v. Baltimore,* 156 Md. 310, 144 A. 478.

After a declaration has been amplified by a bill of particulars, a demurrer to the declaration raises the

question of sufficiency of the declaration as particularized. The bill of particulars thus does not expand but limits the scope and generality of the declaration. *Cleaves v. Sharp & Dohme, Inc.*, 166 Md. 546, 171 A. 374. In the instant case the "particulars" neither add nor subtract any facts. They merely assert knowledge by defendent (and imply lack of knowledge by plaintiff) of unstated facts.

By her declaration and bill of particulars, and in argument, plaintiff seeks to excuse the insufficiency of the declaration by invoking the doctrine or expression *res ipsa loquitur*. In the earliest reported negligence case in which that expression was used mention was made of the circumstance that the defendant presumably was in a better position than the plaintiff to know or learn the facts of the accident. *Byrne v. Boadle* (1863), 2 H. & C. 722, 725. Just what bearing this circumstance has upon the application of the doctrine *res ipsa loquitur* is one of many still mooted questions surrounding that doctrine. Without pursuing the ramifications of the question, it may at least be said that never in Maryland —and seldom, if ever, elsewhere—has it been held that, if the facts do not give rise to a reasonable inference of the defendant's negligence, the plaintiff, who has the burden of proof, can make out a case by proving that he is ignorant of other facts or knows less about them than the defendant. *Cf. Prosser, Res Ipsa Loquitur in California*, (1949), 37 Cal. Law Review 183, 202-204. If the "presumption" of negligence in *res ipsa loquitur* cases is ever more than an inference from circumstantial evidence (which Mr. Roszel C. Thomsen says is not a true presumption, *Presumptions and Burden of Proof in Res Ipsa Loquitur Cases in Maryland*, 3 Maryland Law Review 285, 288), the usual operation of the doctrine is to support an inference from circumstantial evidence, based on probability. "The law requires proof of probable, not merely possible, facts, including causal relations. Reasoning *post hoc, propter hoc* is a recognized logical fallacy, a *non sequitur*. But sequence of events, plus

proof of *possible* causal relation, may amount to proof of *probable* causal relation, in the absence of evidence of any other equally probable cause. *Baltimore City Passenger Railway Co. v. Kemp*, 61 Md. 74; *State of Maryland, to Use of Goralski v. General Stevedoring Co.*, D. C., 213, F. 51, 61, 62, affirmed, *Joseph R. Foard Co. v. State of Maryland*, 4 Cir., 219 F. 827, 830-832." *Charlton Brothers Co. v. Garrettson*, 188 Md. 85, 94, 51 A. 2d 642, 646. Judge Bond in his dissenting opinion in *Potomac Edison Co. v. Johnson*, 160 Md. 33, 40, 152 A. 633, 636, said: "In this case, as in similar cases, the expression *res ipsa loquitur* has been the basis of much of the argument, and I venture to urge upon the attention of the profession in the state an objection to the continued use of it. It adds nothing to the law, has no meaning which is not more clearly expressed for us in English, and brings confusion to our legal discussions. It does not represent a doctrine, is not a legal maxim, and is not a rule. [Mr. Thomsen says "it has been called all three by the Court of Appeals". 3 Maryland Law Review, 290]. It is merely a common argumentative expression of ancient Latin brought into the language of the law by men who were accustomed to its use in Latin writings. * * * It may just as appropriately be used in argument on any subject, legal or otherwise. Nowhere does it mean more than the colloquial English expression that the facts speak for themselves, that facts proved naturally afford ground for an inference of some fact inquired about, and so amount to some proof of it. The inference may be one of certainty, as when an excessive interest charge appeared on the face of an instrument, or one of more or less probability only, as when negligence in the care of a barrel of flour was found inferable from its fall out of a warehouse." Judge Bond's proposal that use of the expression be discontinued has been received sympathetically by a recent writer, but without hope that it will ever be adopted. *Prosser, supra.* 232.

In *Bohlen v. Glenn L. Martin Co.*, 193 Md. 454, 461, 67 A. 2d 251, 254, we said: "The doctrine *res ipsa loquitur*

is not a rule of pleading. It relates to burden of proof and sufficiency of evidence. When it is applicable, for example, between passenger and carrier in case of collision between two trains of the same railroad, the fact of the collision is evidence of negligence in the operation of the trains. The declaration must allege negligent operation causing the collision, not merely the evidence: to wit, the collision, from which negligent operation may be inferred." The first two sentences quoted state what seems to be universally recognized; the last two at least state Maryland law of pleading. Neither the opinions of this court nor the statutory forms of declarations (*supra*) make any difference in pleading between *res ipsa loquitur* cases and other cases. In other jurisdictions many cases (most of them in a few jurisdictions) have involved questions whether or to what extent the application of the doctrine *res ipsa loquitur* is affected by plaintiff's pleading, particularly whether by making "specific" allegations of negligence, with or without "general" allegations, plaintiff may lose or restrict his right to rely on the doctrine. *Niles, Pleading Res Ipsa Loquitur,* (1929) 7 N. Y. University Law Quarterly Review 415; *Practice and Procedure—The Effect of Plaintiff's Pleading on the Doctrine of Res Ipsa Loquitur,* (1932), 31 Mich. Law Review 817; *Prosser, supra,* 214-217. Apparently cases which hold that this right may be so lost or restricted have been decided in jurisdictions where code pleading or notice pleading has clouded or obliterated the distinctions between facts and evidence and between pleading and discovery, as they are recognized in Maryland. Commentators are inclined to disapprove on principle cases so holding; they also find the decisions in different jurisdictions or even in the same jurisdictions, in hopeless conflict. No such question is now before us and we have no disposition to lay a foundation for such questions in Maryland.

At the argument and in the briefs counsel for both parties cited, pro and con, an interesting collection of cases as to the application (if any) of the doctrine *res*

*ipsa loquitur* to injuries caused by various falling objects. If we were disposed (which we are not) to anticipate questions that might arise at the trial of a case such as the instant case, it would be futile to attempt to do so on the basis of this declaration. The *res* which does or does not speak for itself is the sum of all the circumstances shown in evidence. It is not conceivable that a case could be tried without evidence showing more circumstances than those alleged in this declaration. To generalize about the application of the doctrine *res ipsa loquitur* to accidents caused by falling objects would be as fruitless as to do so about the relation of the doctrine to the law of gravitation.

As our decision on the question of pleading now presented does not go to the merits of the controversy between plaintiff and defendant, it will be without prejudice to a new suit based on a materially different declaration. *Cf. Blankman v. Hospelhorn*, 177 Md. 442, 9 A. 2d 831; *First Mortgage Bond Homestead Association, Inc. v. Nelson*, 151 Md. 181, 135 A. 139; *Freeman on Judgments* (5th Ed.), § 745. The net result is that defendant has won a barren victory, from which plaintiff has prosecuted a barren appeal.

*Judgment affirmed, with costs.*