Ronald **BELL**, infant, by **Raymond Bell, Jr.**, and **Levada O. Bell**, his parents and next friends, and **Raymond Bell, Jr.**, and **Levada O. Bell**,

v.

**NOVICK TRANSFER COMPANY, Inc.**, a body corporate, and **Katie Marie Parsons** and **Morris Jarrett Coburn, III.**

No. 8014.

United States District Court, D. Maryland, C. Division. March 23, 1955.

**280**

H. Chester Goudy, Baltimore, Md., for plaintiffs.

James J. Lindsay and Frederick J. Green, Jr., Baltimore, Md., for defendants.

THOMSEN, District Judge.

In this tort action, originally filed in the Court of Common Pleas of Baltimore City, and removed to this court pursuant to 28 U.S.C.A. §§ 1441 and 1446, defendants have moved to "dismiss the Declaration" because (1) it "fails to state a claim against the defendants and each of them upon which relief can be granted"; (2) it "alleges only that an accident occurred due to the negligence of the defendants as a result of which the plaintiffs were injured"; and (3) it "fails to allege the specific acts of negligence by the defendants of which the plaintiffs complain".

The declaration alleges that "on or about August 14, 1954, while the Infant Plaintiff, Ronald Bell, was riding in an automobile headed in a northerly direction on Race Road at its intersection with Pulaski Highway, both said road and highway being public highways of Baltimore County, State of Maryland, the automobile in which the infant plaintiff was riding was run into and struck by an automobile tractor-trailer outfit owned by the defendants, Novick Transfer Company, Inc., and Katie Marie Parsons, and operated at the time by their agent, servant or employee, the defendant, Morris Jarrett Coburn, III, in a careless, reckless and negligent manner, in a westerly direction on Pulaski Highway at the intersection aforesaid, so that" the infant plaintiff was injured. The declaration also alleges the injuries and damage, and that they were "the direct result of the negligence on the part of the defendants" without any negligence on the part of the plaintiffs contributing thereto.

■ Although this declaration may not be sufficient under Maryland practice, Jeter v. Schwind Quarry Co., 97 Md. 696, 698, 55 A. 366; Livingston v. Stewart & Co., 194 Md. 155, 159, 69 A.2d 900, it meets the requirements of Rule 8, Fed. Rules Civ.Proc. 28 U.S.C.A. which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief". See Official Form 9 in Appendix to Rules, 28 U.S.C.A.; Sierocinski v. E. I. DuPont De Nemours & Co., 3 Cir., 103 F.2d 843; Swift & Co. v. Young, 4 Cir., 107 F.2d 170; Moore's Federal Practice (2d Ed.), secs. 8.12 to 8.17, Vol. 2, p. 1640 et seq.; Barron & Holtzoff, Federal Practice and Procedure (Rules Ed.), secs. 255, 270, Vol. 2, pp. 431 et seq., 472 et seq.

■ Nor is defendant entitled in this case to "a more definite statement" by motion under Rule 12(e). Although some courts have held that such a motion is the correct procedure to follow if a party needs further information to prepare his defense, the better rule of law is that such information should be obtained by interrogatories under Rule 33, or other discovery procedure, unless it is really necessary to enable the party to frame his responsive pleading. Prescan v. Aliquippa & Southern R. Co.,

D.C.W.D.Pa., 16 F.R.D. 272, and cases cited; U. S. v. General Motors Corp., D.C.N.D.Ill., 2 F.R.D. 528; May v. Baltimore & O. Railroad Co., D.C.Md., 17 F.R.D. 288; Moore, op. cit., Vol. 4, sec. 33.17; Barron & Holtzoff, op. cit., sec. 255.

Defendant may obtain by interrogatories or other discovery procedure the facts upon which plaintiff based its allegations that the truck was being operated in a careless, reckless and negligent manner, and that such negligence was the direct cause of the injury to the infant plaintiff.

The motion is hereby overruled.